No. 2795.—MRS. L. L. MANN v. B. L. MANN.

A written agreement between the husband and the wife, who have been divorced at a suit of the wife on the ground of the adultery of the husband, which makes provision for the settlement and partition of the community property, is a law between the parties, and a judgment of the District Court which carries into effect and renders executory the provisions of the written contract will not be disturbed on appeal.

APPEAL from the Sixth Judicial District Court, parish of Tangipahoa. *Ellis*, J. *T. & J. Ellis* and *R. & H. Marr*, for plaintiff and appellee. *Race, Foster & E. T. Merrick*, for defendant and appellant.

TALIAFERRO, J. In May, 1869, Mrs. Mann, then the wife of the defendant, brought suit for a divorce on the ground of the husband's adultery. Pending the suit which involved the liquidation and settlement of the community, the parties having the vain hope of evading the scandal of such a proceeding, entered into an agreement to submit the main action upon the pleadings and evidence, it being a foregone conclusion that judgment of divorce would be rendered. In regard to the community property the parties, by a written agreement drawn up by their counsel, provided for the consequences of the expected judg-

ment, which was in due time rendered. Provision was made for alimony, the care of the children, the payment of some pressing debts, and finally for the liquidation and settlement of the community and its division between the plaintiff and defendant. It was settled that this should take place on the first of January, 1870. The plaintiff in the present suit complains that the defendant refuses to comply with his engagement, and seeks, by a course of false and treacherous conduct, to avoid a divsion of the common property as he obligated himself to do. The plaintiff therefore took a rule upon the defendant to compel him to a compliance with the written contract. The answer to the rule appears to justify the allegation of the plaintiff charging the defendant with evasion and dissimulation. Judgment was rendered in the court below in favor of the plaintiff. It decreed a partition of the community, that to that end the personal effects be sold for cash after legal advertisements; that the real estate be divided in kind if practicable; if not, that it be sold on such terms as the parties may agree upon. In case they should not agree, that it be sold for cash at auction, after legal notice, provided the appraised value be bid, otherwise on a credit of twelve months for notes secured by mortgage, etc. The judgment, after directing the manner of making the partition, referred the parties to a notary with instructions to him in regard to ulterior proceedings. From this judgment the defendant appealed. The written contract of the parties is the law of the case. The fourth clause of this instrument is in these words: "The real estate and personal effects of the community shall remain undisposed of until the first of January, A. D. 1870, when the personal effects shall be sold for cash, and the real estate shall be divided in kind, or sold to effect a division upon such terms as may be agreed upon by the parties, without the intervention of the court."

The fifth clause of the written act recites: "That the entire community, including the interest thereof in the firm of B. L. Mann & Co., shall be liquidated and settled up as soon as can be with due regard to the interests of all parties. After all the debts and liabilities of the community have been settled and paid, the net proceeds of the community shall be equally divided between the parties, plaintiff and defendant."

A bill of exceptions appears in the record, taken by the defendant's counsel, to the admission of a portion of the evidence of Ellis, one of the counsel who, on the part of the plaintiff, was engaged in drawing up the written agreement between the parties. In regard to the settlement and partition, Ellis testified that it was clearly understood by the parties that the partition agreed upon did not contemplate the community interest in the firm of B. L. Mann & Co. This evidence was objected to by the defendant's counsel, on the ground that there is no

ambiguity in the language of the act, and therefore there is no room for evidence *aliunde* to explain it. It is unnecessary to determine this objection, for we believe there is no ambiguity in these clauses of the written contract. Taken in connection with all that precedes them it is sufficiently clear that the purpose of the parties, as learned from the act itself was, on the first of January, 1870, a settlement and partition of the community, *exclusive* of the community's interest in the commercial firm. The first clause is significant. It provides that a number of debts of the community which are enumerated shall be paid in equal portions by the parties if, after efforts being made for that purpose, an extension of time can not be obtained to make the payment. This was a preparatory step to the partition of the community. The partnership had no interest in these debts. No provision was stipulated in regard to the liabilities, if any, of the community in reference to the partnership engagements, and no stipulation that the partnership affairs should in any manner affect the agreement to make a division of the community on the first of January. The pretensions of the defendant now set up, that at some time hereafter the community may become responsible on account of the partnership, are flimsy and entitled to no consideration. His efforts to make out his firm insolvent now is a signal failure. No creditor of the partnership is on the alert, or concerned about a division of the community between the plaintiff and defendant in this suit. The interpretation of the written instrument, contended for on the part of the defendant, would protract the settlement and partition—*ad græcas calendas.* No such interpretation can be admitted, for it would be in violation of right and common sense.

It becomes unnecessary to examine the plaintiff's bill of exceptions.

The judgment of the lower court we consider correct.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed, with costs in both courts.