As relates to contract, to which we refer because the rule has been held as applying to the contract of marriage, it cannot be invalidated on an allegation of violence or threats if it has been approved. Civ. Code, art. 1855.

There is here every evidence of complete approval.

The testimony shows that defendant's life was not what it should have been.

If the evidence be true, she was sadly unfortunate in her conduct. It was deplorable and a shame in a community in which social order prevails.

Conceding for a moment all that the evidence shows in this respect, she, none the less, had certain rights. Ratification in so far as she was concerned was possible.

There was ratification, as we think the evidence shows. She had the right not to be imposed upon in the name of marriage.

It devolved upon the plaintiff if he was compelled to marry her, when it came to the consummation of the marriage, to declare that under no circumstances he would go to the end with the matter. He was married, 'tis true; the proper ceremony had been followed; the evidence does not prove that he was forced to go one step further.

It is, therefore, ordered, adjudged, and decreed that the judgment appealed from is avoided, annulled, and reversed.

It is further ordered, adjudged, and decreed that plaintiff's suit be dismissed, and the demand rejected at costs of plaintiff in both courts.

---

(52 South. 495.)

No. 17,958.

CROCHET v. DUGAS.

(April 25, 1910. Rehearing Denied May 24, 1910.)

*(Syllabus by the Court.)*

1. DIVORCE (§ 249*) — COMMUNITY PROPERTY —SEPARATION FROM BED AND BOARD——EFFECT.

A decree of separation from bed and board carries with it a separation of goods and effects, and the community thus dissolved cannot be reestablished by the subsequent reconciliation of the parties. Ford v. Kittredge, 26 La. Ann. 190, reaffirmed. Article 1451 of the Code Napoleon, permitting, in such a case, the re-establishment of the community by formal notarial agreement between the parties, has never been incorporated in the Louisiana Civil Codes.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 701–712; Dec. Dig. § 249.*]

2. HUSBAND AND WIFE (§ 298¾*)—SEPARATE PROPERTY OF WIFE—LIABILITY OF HUSBAND FOR INCOME.

Where there is no community, the husband is not responsible for the income of the separate property of the wife not administered by her alone, collected and used by him. Civ. Code, arts. 2386, 2396.

[Ed. Note.—For other cases, see Husband and Wife, Dec. Dig. § 298¾.*]

3. HUSBAND AND WIFE (§ 151*)—EXPENSES— DUTY OF WIFE TO CONTRIBUTE.

Where the wife has not reserved to herself the administration of her separate estate, she is not bound to contribute to the expenses of the marriage.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 582–595; Dec. Dig. § 151.*]

4. DIVORCE (§ 301*)—SEPARATION FROM BED AND BOARD—CUSTODY OF CHILDREN.

In cases of separation from bed and board the children should be placed under the care of the party obtaining the separation, but the judge may, for the greater advantage of the children, and with the advice of the family meeting, order that some or all of them shall be intrusted to the care of the other party. There is no such discretion in cases of divorce. Civ. Code, art. 157.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 790; Dec. Dig. § 301.*]

Appeal from Twenty-First Judicial District Court, Parish of Iberville; C. K. Schwing, Judge.

Action by Leontine Crochet against Enos Dugas. Judgment for plaintiff, and defendant appeals. Modified and affirmed.

Albert L. Grace, for appellant. P. G. Borron, for appellee.

LAND, J. This is the third suit instituted by the plaintiff against the defendant for a separation from bed and board. The first suit filed in August, 1907, was discontinued.

The second suit resulted in a judgment of date February 15, 1908, in favor of the plaintiff, granting her a separation from bed and board and the custody of her minor children, and decreeing a separation of the goods and effects belonging to the community, and referring the parties to a notary for the purpose of partitioning the same.

A settlement and partition was had, the wife receiving $4,700 in cash for her interest in all the community property. A part of the sum so received the wife invested in real estate.

In June, 1908, the wife and husband became reconciled, and she conveyed to him, for the purported consideration of $1,000, three tracts of land which she had acquired from one Nathan Becker. The husband subsequently sold one of these tracts.

In March, 1909, the present suit for a separation from bed and board was instituted, based on allegations of cruel treatment and habitual intoxication on the part of the husband. Plaintiff also prayed for a dissolution and settlement of the community; and alleged that the defendant had $2,600 of community funds at the date of the former partition, which he had concealed and clandestinely converted to his own use; that the defendant had also received $225, the proceeds of the sale of a portion of her separate property, and $210 in rents collected from her tenants; that the community, beginning at the time of the reconciliation between the parties, had accumulated assets amounting to $1,200, which the defendant had used in paying his own debts, and for one-half of which he was accountable.

Plaintiff prayed for an inventory of the property of the second community; for alimony for herself and minor children at the rate of $50 per month; for a judgment of separation from bed and board, and for the custody of her minor children; for a dissolution of the community, and for a settlement and partition thereof according to law.

The defense was a general and special denial of all the allegations of misconduct set forth in the petition, and the defendant reconvened for a divorce on the ground of adultery in the year 1897.

For further answer the respondent averred that the partition of the community property had in 1908 was full, fair, and complete; and specially denied that any community had existed between them since the judgment of separation of date February 15, 1908.

The court fixed the alimony prayed for at $25 per month by judgment of date April 22, 1909.

The cause was tried on the merits, and there was judgment of date July 7, 1909, in favor of the plaintiff granting her a separation from bed and board; ordering a dissolution and settlement and partition of the community; condemning the defendant to return to the community the sum of $975, and in the event of his default, that the plaintiff have and recover of him the sum of $487.50, with legal interest thereon from date of judgment, and ordering that the plaintiff recover of the defendant the further sum of $225, with legal interest thereon from May 22, 1908. It was further ordered that a family meeting be convoked to advise as to the permanent care and custody of the minor children in accordance with the provisions of article 157 of the Civil Code.

The defendant appealed from this judgment as a whole, and the plaintiff appealed from that portion ordering the convocation of a family meeting to advise as to the permanent custody of the minors.

The evidence is amply sufficient to sustain the judgment of separation from bed and board rendered in favor of the plaintiff.

The reconventional demand of the defendant for divorce is without merit.

The money claims of the plaintiff not allowed in the judgment below need not be considered, as she has not appealed from the judgment except as to the custody of the children.

The theory of the plaintiff's petition is that there were *two* communities, one of which was dissolved and partitioned in April, 1908, and the other sprang into being when the parties were reconciled in June, 1908. The judgment appealed from charges the defendant with the rents of the real estate which he acquired in the partition of 1908, and with the rents of real estate which the plaintiff acquired with the money received by her in the same partition. If the first community was not dissolved, it is obvious that the plaintiff is accountable to the community for $4,700, the amount received by her in the partition of 1908, and that her purchases of real estate with such funds enured to the benefit of the community.

If the first community was dissolved, it is equally obvious that the property received by the husband and wife respectively in the partition became paraphernal.

In Ford v. Kittredge, 26 La. Ann. 190, it was held that the community once dissolved by a judgment of separation of bed and board cannot be re-established by the reconciliation of the parties. In that case the court pointed out that article 1451 of the Code Napoleon provided in express terms for the re-establishment of a dissolved community by consent of the parties evidenced by an act passed before a notary public, and said: "Here there is no such law, and we do not think that we can make one."

The Civil Code provides that separation from bed and board carries with it separation of goods and effects. Article 155. We assume that the framers of the Civil Code advisedly omitted the provisions of the Code Napoleon relative to the re-establishment of the community by the formal consent of the parties in interest.

Under Code Napoleon, art. 1451, the re-establishment of the community is a matter of formal agreement between the parties, and this conventional re-establishment relates back to the date of the marriage. Hence, even under the Code Napoleon, there can be only one community between the same spouses.

It follows that the defendant was improperly charged with the sum of $826, representing the revenues of his separate property. Defendant is however, chargeable with the sum of $225 representing the proceeds of the sale of his wife's property. Defendant is not chargeable with rents of his wife's property collected and used by him. Civ. Code, arts. 2386, 2396. The demand of the husband against the wife for contribution to the expenses of the marriage is untenable, as it does not appear that she reserved to herself the administration of all her paraphernal property. Civ. Code, art. 2389. On the contrary, it is shown that the wife conveyed all her real estate to her husband, and it does not appear what separate income she derived from other sources.

The complaint of the plaintiff as to that portion of the judgment relative to the custody of the children is unfounded, since the judge acted within the discretion vested in him by the provisions of article 157 of the Civil Code.

The defendant did not appeal from the judgment fixing the amount of alimony pendente lite.

It is therefore ordered that the judgment appealed from be amended by striking out and rejecting that portion of the decree recognizing the existence of the community, and ordering the defendant to return to the

community the sum of $975, or pay one-half of the said amount to the plaintiff; and it is further ordered that, as thus amended, said judgment be affirmed, and that the plaintiff pay the costs of appeal.