(68 South. 956)

No. 20438.

## Succession of LE BESQUE.

(June 7, 1915.)

*(Syllabus by the Court.)*

1. HUSBAND AND WIFE ☞248—PRESUMPTION —PARTNERSHIP OR COMMUNITY.

Every marriage contracted in this state superinduces of right a partnership or community of acquêts or gains, if there be no stipulation to the contrary.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 880; Dec. Dig. ☞248.]

2. HUSBAND AND WIFE ☞272—SEPARATION —EFFECT—COMMUNITY INTERESTS.

Separation from bed and board carries with it separation of goods and effects; the community of acquêts and gains is dissolved thereby, and the common concerns which existed between the spouses are put an end to.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1003–1007; Dec. Dig. ☞272.]

3. HUSBAND AND WIFE ☞272—SEPARATION —RECONCILIATION—COMMUNITY INTERESTS.

Separation from bed and board does not dissolve the bonds of matrimony, and the spouses may become reconciled; but such reconciliation does not superinduce of right a partnership or community of acquêts or gains.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1003–1007; Dec. Dig. ☞272.]

4. HUSBAND AND WIFE ☞272—SEPARATION — PROPERTY SUBSEQUENTLY ACQUIRED — OWNERSHIP.

Property acquired by either spouse after the community has been dissolved by a judgment of separation from bed and board is the property of the spouse who acquired it; and it does not fall into a community of acquêts and gains.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1003–1007; Dec. Dig. ☞272.]

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

In the matter of the succession of A. B. Le Besque. Action by Ovide Le Besque, as administrator of the succession, joined by a community creditor, to set aside a donation of a piece of realty belonging to the community and donated by intestate to L. A. Dupont. From a judgment for defendant, plaintiffs appeal. Affirmed.

Charles Louque and A. J. Rossi, both of New Orleans, for appellants. Roger Meunier, of New Orleans, for appellee.

SOMMERVILLE, J. [1] Alcide B. Le Besque and his deceased wife, Mrs. Marie Louise Young, widow by first marriage of Nicholas Dupont, and by second marriage of John Chew, entered into a marriage contract, wherein it was stipulated that there should be a partnership or community of acquêts or gains, with some conditions. There was no stipulation that a community of acquêts and gains should not exist between the spouses; and their subsequent marriage superinduced the rights of such partnership or community.

[2] Subsequently the wife instituted a proceeding against her husband for a separation from bed and board, which was granted. This separation carried with it a separation of goods and effects (C. C. art. 155), although the judgment did not so decree. The decree carried a separation of property, and a dissolution of the community of acquêts or gains. It did not dissolve the bonds of matrimony, since the separated husband and wife were not at liberty to marry again; but it put an end to their conjugal cohabitation, and to the common concerns which existed between them. C. C. arts. 123 and 136. The wife, not having accepted the community at the time of the separation, is supposed to have renounced the same within the delays fixed in the law. C. C. art. 2420.

Subsequently Mrs. Le Besque, in an act of sale, declared that she was separated from bed and board from Alcide Le Besque, and purchased for herself, her heirs and assigns, the piece of property involved in this suit, for which she paid $1,800 in cash.

Thereafter Mr. and Mrs. Le Besque became reconciled and re-established their marital relations. A short time before her death Mrs. Le Besque declared in a public act that she was separate in property from her hus-

band, and she donated to Louis Ambroise Dupont, a child of her first marriage with Nicholas Dupont, and who is the defendant in this case, the property referred to above. A. B. Le Besque, the husband, signed the act of donation to authorize his wife.

L. A. Dupont went into possession of the property before his mother died, and was in possession when his stepfather, A. B. Le Besque, died.

The administrator of the succession of A. B. Le Besque, the stepfather of L. A. Dupont, joined with a creditor of said Le Besque, has instituted this proceeding, asking that the donation made by Mrs. Le Besque to her son be revoked and annulled, on the ground that it is the property of the succession of A. B. Le Besque, it having been bought during the existence of the community between Mr. and Mrs. Le Besque.

The record shows that the spouses were separated April 1, 1875; but it does not clearly show when they became reconciled. It is quite clear that they were not reconciled in 1893, at the time of the purchase of the property involved in this suit by Mrs. Le Besque.

[3] The questions presented for solution are then: If a wife obtains judgment against her husband for separation from bed and board, without the judgment formally declaring that the community is dissolved, and if, after being apart for several years, and no judgment of divorce has been pronounced between them, they become reconciled, does the reconciliation avoid the judgment of separation, and replace the parties in the position they were in before the judgment was rendered? Does the property acquired by the wife in her own name, and with her own funds, between the time the judgment was rendered and the time of the reconciliation, fall into the community?

These questions were asked, and answered in the negative, in the case of Ford v. Kittredge, 26 La. Ann. 190. That decision was followed by another in Crochet v. Dugas, 126 La. 285, 52 South. 495. In both of these cases the judgment declaring the separation also declared a dissolution of the community; but the law formally declares the dissolution of the community at the time the parties are separated from bed and board. C. C. arts. 123, 136, 155.

[4] And there is no law which says that a reconciliation of the spouses superinduces a partnership or community of acquêts or gains, as is superinduced by marriage. The court is without authority to legislate upon the subject; and as it has been twice decided that the community of acquêts and gains is not re-established by the reconciliation of the parties, the property acquired after a separation from bed and board by either or both spouses remains the separate property of him or her who acquired it.

Judgment affirmed.