78 So.2d 536

Lamar L. MOODY

v.

Vida Seal MOODY.

No. 41768.

Feb. 14, 1955.

Talley, Anthony & Johnson, Bascom D. Talley, Jr., James D. Johnson, Jr., Bogalusa, for appellant.

Welton O. Seal, Bogalusa, for defendant-appellee.

PONDER, Justice.

This is an appeal from a judgment awarding the defendant $135 per month alimony for her support and that of her minor child.

The defendant herein, Vida Seal Moody, brought a suit against the plaintiff herein, Lamar L. Moody, on January 21, 1946, seeking a judgment of separation. On January 25, 1946, the parties entered into an agreement for the settlement of the community, in which the wife was to receive $100 monthly for the support of their three minor children, and the wife agreed to waive her rights to alimony. A judgment of separation was rendered on March 6, 1946 and the property settlement was executed by the parties. Some eight or nine months after the judgment of separation was entered, the parties became reconciled, during the month of November, 1946, and thereafter lived as husband and wife until November 5, 1950 when they separated and ceased to live together. On February 7, 1953, the plaintiff herein, the husband, brought suit for divorce on the grounds that the parties had lived separate and apart for more than two years. The wife admitted that she and her husband had been separated for more than two years and asked in reconvention for judgment of

divorce in her favor and for alimony for herself and their minor child, nineteen years of age. She averred that she was in ill health and in necessitous circumstances. Upon trial, the lower court granted a divorce and awarded alimony for the support of the wife and child in the amount of $135 per month. The plaintiff has appealed from the judgment only insofar as it awards alimony to the defendant wife

■ One of the contentions on this appeal is whether or not the property settlement entered into between the parties on March 6, 1946, wherein the wife waived her rights to alimony, is to be binding on the parties. The wife is not bound by that agreement because the reconciliation not only destroyed the effect of the judgment of separation but the wife's waiver of alimony, with the exception of the dissolution of the community of acquets and gains which would have to be reestablished in pursuance to Articles 152, 155 of the LSA–Civil Code. Reichert v. Lloveras, 188 La. 447, 177 So. 569.

The plaintiff contends that the evidence is too meager with respect to the wife's needs and the husband's ability to pay and asks for the case to be remanded for the taking of additional evidence.

In the agreement entered into in the prior separation suit of March 6, 1946, wherein the wife waived her rights to alimony, she received an eight room house, the furniture therein and twenty acres of land and a 1937 automobile. The husband received the service station which he was operating at the time, thirty acres of unimproved land, a 1933 Chevrolet coupe and cash in the bank amounting to $400. The wife assumed an indebtedness in the amount of $2,500. The record shows that she sold the homesite and a portion of the land to pay this indebtedness.

The defendant has heart disease and diverticulitis of the colon which causes her a great deal of abdominal pain and renders her unable to work and she has no particular training or schooling sufficient to enable her to obtain employment in her condition. Her children have been contributing to her support. Although she has a place to live, she is without income from any source.

It appears that the husband receives an income from his barber shop in the amount of $270.29 a month and in addition thereto he receives $93.15 a month from the government because of disability. The minor child is nineteen years old and is attending school at Port Gibson, Louisiana. The plaintiff testified that he has been paying $80 a month for the board and tuition of this child besides the cost of his clothing and other incidentals.

■■ The plaintiff is not complaining of the alimony awarded to the minor child but his appeal is confined to the amount awarded for the support of the wife. The lower court did not segregate these amounts but gave judgment in a total sum. If it takes

$80 a month to keep the minor in school and an additional amount for his clothing and other incidentals, the amount received by the wife would be considerably less than $50.00 a month and this amount would not exceed one-third of the husband's income. The court is allowed, at its discretion, to award the wife alimony, not to exceed one-third of the husband's income, where she does not have sufficient means for her maintenance. Article 160 of the LSA–Civil Code. From the evidence in this case, it does not appear that the trial judge abused his discretion in fixing the award.

For the reasons assigned, the judgment of the lower court is affirmed at appellant's cost.