268 So.2d 101 (1972)
Mrs. Constance JARREAU
v.
Succession of Paul JARREAU.
No. 8955.
Court of Appeal of Louisiana, First Circuit.
October 2, 1972.
Rehearing Denied November 13, 1972.
Writ Denied December 21, 1972.
*102 Joseph A. Gladney, Fred A. Blanche, III, Baton Rouge, for appellant.
Picou & D'Aquila, New Roads, for appellee.
Before LANDRY, SARTAIN and TUCKER, JJ.
LANDRY, Judge.
Plaintiff, widow of Paul Jarreau, deceased, appeals a judgment dismissing her claim of usufruct on the estate of her deceased husband, upon exceptions of no cause of action filed by defendants, the Administratrix and heirs of decedent's succession.
The sole question presented is one of law, namely, does a surviving widow of an intestate decedent, enjoy the usufruct provided by LSA-C.C. art. 916, over that portion of the decedent's estate which formerly belonged to the community of acquets and gains which existed between such parties when the community was dissolved by judgment of separation rendered between the spouses and never formally reinstated following their subsequent reconciliation?
For a cause of action, appellant avers that she and decedent were lawfully married on November 1, 1926, of which marriage six children were born, all of whom are of the age of majority. Plaintiff further recites that during the marriage certain community property was acquired due to the joint labor of the spouses. It is further alleged that on October 2, 1960, appellant instituted action against her spouse for a separation from bed and board on grounds of cruelty, and pursuant thereto judgment was rendered in appellant's favor on November 19, 1960, decreeing the requested separation. Thereafter, by Notarial Act dated November 28, 1960, appellant and decedent mutually settled, divided and partitioned between themselves all property belonging to the community which theretofore existed between them, each receiving specifically described properties as his own. Subsequent to said settlement, appellant and her said husband were reconciled on or about December 15, 1960, and lived together as man and wife until decedent died, intestate, on May 26, 1970. Appellant also alleges that certain properties received by her deceased husband in the community settlement were in existence and identifiable at his death, and that as surviving widow in community, she is entitled to the usufruct thereof.
It is conceded by appellant, both in brief and oral argument before this court, that the community was never formally reestablished between her and decedent following their reconciliation.
The exception of no cause of action questions whether plaintiff is entitled to relief under the allegations of fact contained in plaintiff's petition. Richmond v. Richmond, La.App., 229 So.2d 137.
On trial of an exception of no cause of action, all well pleaded factual allegations *103 contained in plaintiff's petition must be taken as true. Elliott v. Dupuy, 242 La. 173, 135 So.2d 54.
In determining whether a petition states a cause of action, conclusions of law recited as facts are not regarded as allegations of fact. First Natchez Bank v. Malarcher-Damare Co., 135 La. 295, 65 So. 270.
A petition may not be dismissed on an exception of no cause of action where, under the factual allegations contained therein, plaintiff is entitled to judgment in any respect or amount irrespective of how inconsequential or small it may be. Davis v. Arkansas Southern R. Co., 117 La. 320, 41 So. 587.
Based on the allegations noted, appellant urges recognition of the usufruct sought, primarily upon the provisions of LSA-C.C. art. 916. Alternatively, appellant maintains her right of usufruct should be recognized on equitable principles.
LSA-C.C. art. 916 provides as follows:
"In all cases, when the predeceased husband or wife shall have left issue of the marriage with the survivor, and shall not have disposed by last will and testament, of his or her share in the community property, the survivor shall hold a [in] usufruct, during his or her natural life, so much of the share of the deceased in such community property as may be inherited by such issue. This usufruct shall cease, however, whenever the survivor shall enter into a second marriage."
Appellant's principal contention is that the specifically described property acquired by decedent in the 1960 community settlement, and which also appears in the inventory of decedent's succession, represents decedent's share of the community which existed between appellant and decedent. Consequently, since decedent died intestate and left issue of the marriage, all such property is subject to the usufruct provided for by Article 916, above. Appellant further contends that the 1960 settlement between the spouses did not change the community status of the property received by decedent but "merely designated and particularized, and set apart to the husband his `share' of the said community property."
We find this contention patently without merit. A judgment of separation from bed and board effects a termination of the marital community retroactive to the date on which the petition for separation was filed. LSA-C.C. art. 155.
Prior to amendment of Article 155, above, by Act 200 of 1944, Act 304 of 1950 and Act 178 of 1962, a community dissolved by judgment of separation could not be reestablished by agreement between husband and wife following a subsequent reconciliation. Reichert v. Lloveras, 188 La. 447, 177 So. 569; Crochet v. Dugas, 126 La. 285, 52 So. 495.
We also note Succession of Le Besque (1915), 137 La. 567, 68 So. 956, to the effect that property acquired by either spouse, subsequent to dissolution of the community by judgment of separation, does not belong to the community, but to the separate estate of the spouse who acquires it.
As lastly amended by Act 178 of 1962, Article 155, above, now reads in pertinent part as follows:
"Upon reconciliation of the spouses, the community may be re-established by husband and wife jointly, as of the date of the filing of the suit for separation from bed and board, by an act before a notary and two witnesses . . . ."
In Austin v. Succession of Austin (1954), 225 La. 449, 73 So.2d 312, a case substantially similar in fact to the one at hand, the Supreme Court had occasion to consider Article 155, above, as amended by Act 304 of 1950. In Austin, a wife, who had been judicially separated from and subsequently reconciled to her deceased husband, sought to be recognized as owner of ½ of all property acquired by decedent *104 from the date of the marriage until decedent's death, on the premise that the reconciliation alone reinstated the community. The claim was rejected on the ground that reconciliation did not per se reinstate the community of acquets and gains, but that a community terminated by judicial separation could only be revived pursuant to Article 155, as amended.
We hold that, as a matter of law, property individually acquired by married persons pursuant to a settlement of their community affairs, following a judgment of separation from bed and board between them, is and remains the separate and paraphernal property of each spouse. We also hold that the status of separability thusly established is not affected by a sub-' sequent reconciliation between husband and wife. We further hold that once the community of acquets and gains is terminated by judicial decree of separation, it can only be restored in compliance with the provisions of LSA-C.C. art. 155. It follows that in this instance there was no community existing between plaintiff and decedent at the time of decedent's death.
The usufruct granted by LSA-C.C. art. 916, extends only to decedent's share of property belonging to the community of acquets and gains which existed between the surviving spouse and decedent at the time of decedent's death. Here there was no such community. Moreover, the property in question belonged to decedent's separate estate. Article 916, above, is clearly without application to property belonging to the separate estate of a deceased spouse.
The same argument made by appellant herein on equitable principles was considered and rejected in Austin v. Succession of Austin, above. The cited authority explicitly held that where the rights of married persons are provided for by express law, equity may not intervene. This result is compatible with LSA-C.C. art. 21, which specifically states that equity may be invoked only in those instances where the law is silent.
Under the allegations of appellant's petition, appellant is not entitled to any relief whatsoever.
The judgment of the trial court affirming defendants' exception of no cause of action is affirmed, at appellant's cost.
Affirmed.