REGAN, Judge.
The plaintiff, John White, instituted this suit against the defendant, Martha Moore White, his wife, endeavoring to obtain a final divorce from her.
Before answering, the defendant filed a rule to show cause why the plaintiff should not be condemned to pay alimony and child support pendente lite.
After a hearing on the defendant’s motion, judgment was rendered in favor of the defendant awarding her the sum of $160.00 per month for alimony and for the support of her three minor children, Donna, Deidre and Demetrius.
From that judgment the plaintiff has appealed devolutively in conformity with article 3943 [1] of the Code of Civil Procedure.
The record reveals that the plaintiff is a resident of Louisiana and that the defendant has been a resident of New York, to *844 gether with three of her four children, for a period in excess of four years. She receives from the State of New York welfare or public assistance payments in the amount of $378.00 per month for her support and the support of these children.
The record further discloses that the' plaintiff husband earns a total of $280.00 per month, out of which he pays $40.00 to his mother for the care and support of his eldest son. Thus, after the lower court’s award of $160.00 per month to the wife, is deducted from his earnings, the plaintiff husband retains the net sum of $80.00 per month for his own personal expenses and maintenance.
Aside from normal living expenses, the defendant wife endeavored to show that she was incurring extra expenses because of emotional problems on the part of her son and a heart ailment suffered by one of her daughters. When she was specifically interrogated about these conditions, she stated that she made no expenditures for medical expenses because of these ailments with the exception of approximately $30.00 per month for transportation. However, she did not furnish receipts or bills for transportation nor did she specifically state in her testimony that the transportation was incurred as the result of her children’s medical problems.
The controlling law applicable to the facts hereof is article 148 of the Louisiana Civil Code. This article reads:
“If the wife has not a sufficient income for her maintenance pending suit for separation from bed and board or for divorce, the judge shall allow her, whether she appears as plaintiff or defendant, a sum for her support, proportioned to her needs and to the means of her husband.”
This article points out that alimony pen-dente lite must be proportioned to both the needs of the wife and to the means of the husband. If the present judgment were permitted to stand, the wife and children in New York would receive the sum of $378.00 in welfare payments plus the sum of $160.00 from the plaintiff husband, or a total of $538.00 per month. At the same time, the husband would be relegated to living on the meager sum of $80.00 per month. In view of these facts, we are convinced that the judgment appealed from was not based on a proportionment of the wife’s needs as against the means of the husband in conformity with the rationale emanating from article 148 of the Civil Code. The courts of this state have consistently rationalized that if the amount néeded by the wife for support during the pendency of a suit for separation from bed and board is in fact proportionate to the husband’s ability to pay, such an amount should be awarded to the wife; however, if the wife’s needs exceed the husband’s means, the court must fix a monthly sum which will be as nearly as possible just and fair to each party.[2]
In the present case after evaluating all factors involved, including the income presently received by the wife and the income earned by the husband, we are compelled to reach the inevitable conclusion that a more just and equitable result would be attained if the husband is ordered to pay the sum of $100.00 per month to the wife for her support and the support of her three minor children.
For the foregoing reasons, the judgment appealed from is amended by reducing the amount of alimony and child support payable to the defendant wife, Martha Moore White, from $160.00 per month to the sum of $100.00 per month, and as thus amended the lower court’s judgment is affirmed.
The costs of this appeal are to be paid by the defendant. All other costs are to await a final determination hereof.
Amended and affirmed.
*845 GULOTTA, J., dissents with written reasons.

. “ * * * Such an appeal shall not suspend the execution of the judgment in so far as the judgment relates to custody or alimony.”

. See for example Reichert v. Lloveras, 188 La. 447, 177 So. 569 (1937).