317 So.2d 289 (1975)
Jack F. HARANG
v.
Jack W. HARANG, Individually and as Administrator of the Succession of Iris S. Harang.
Succession of Iris S. HARANG.
No. 10296.
Court of Appeal of Louisiana, First Circuit.
June 30, 1975.
Rehearing Denied August 26, 1975.
*290 R. Lee Eddy, III, New Orleans, for appellant.
Clint L. Pierson, Jr., Covington, for appellees.
Before LOTTINGER, COVINGTON and BAILES, JJ.
COVINGTON, Judge.
Jack F. Harang, as surviving widower, brought suit against the Succession of Iris S. Harang, and against the administrator and heir of the succession, seeking the usufruct of the estate of the deceased, which is alleged to be community property. On the trial the court rendered judgment dismissing the claim of the plaintiff and denying him usufructuary rights in the estate of the deceased. The plaintiff has appealed this judgment.
The pertinent facts are that Jack F. Harang and Iris S. Harang were married and had one child, Jack W. Harang; on November 8, 1972, Mrs. Harang obtained a judicial separation; then they reconciled; and Mrs. Harang then died intestate on July 3, 1973. There has been no formal partition of the community property, nor a formal re-establishment of the community, nor a final divorce. The succession has been opened and the son has been appointed administrator.
We have considered the record and the argument of counsel in this case and find that the case of Jarreau v. Succession of Jarreau, La.App., 268 So.2d 101, 104 (1 Cir. 1972), writ denied, 263 La. 986, 270 So.2d 122 (1972), is dispositive of the instant case.
In the Jarreau case, where the surviving widow made a claim similar to the one made in this case, this Court said:
"We hold that, as a matter of law, property individually acquired by married persons pursuant to a settlement of their community affairs, following a judgment of separation from bed and board between them, is and remains the separate and paraphernal property of each spouse. We also hold that the status of separability thusly established is not affected by a subsequent reconciliation between husband and wife. We further hold that once the community of acquets and gains is terminated by judicial decree of separation, it can only be restored in compliance with the provisions of LSA-C.C. art. 155. It follows that in this instance there was no community existing between plaintiff and decedent at the time of decedent's death.

*291 "The usufruct granted by LSA-C.C. art. 916, extends only to decedent's share of property belonging to the community of acquets and gains which existed between the surviving spouse and decedent at the time of decedent's death. Here there was no such community. Moreover, the property in question belonged to decedent's separate estate. Article 916, above, is clearly without application to property belonging to the separate estate of a deceased spouse."
See also Austin v. Succession of Austin, 225 La. 449, 73 So.2d 312 (1954), noted 29 Tul.L.Rev. 144 (1954).
In discussing the usufruct of the surviving spouse, Professor Yiannopoulos writes:
"The community of acquets and gains exists until separation of the spouses from bed and board . . . . Accordingly, the usufruct under Article 916 of the Louisiana Civil Code of 1870 does not attach in favor of a separated spouse. This result follows from the rule that judgments of separation from bed and board dissolve the community as of the date of filing suit as well as from the classification of the survivor's usufruct as a right of succession."
See Yiannopoulos, 3 Civil Law Treatise, Personal Servitudes, sec. 101, page 335 (1968).
Nevertheless, appellant argues that the Jarreau and Austin cases are distinguishable from the instant case because in the cited cases a formal partition of the community property had been made following the judgment of separation, while in the instant case there has been no such partition of the property involved; consequently, appellant argues that it is the formal partition, rather than the judgment of separation, which is determinative of the characterization of the property as separate or community.
This argument is without merit. We explicitly stated in the Jarreau case, supra at 103:
"A judgment of separation from bed and board effects a termination of the marital community retroactive to the date on which the petition for separation was filed. LSA-C.C. art. 155."
In Gouaux v. Gouaux, La.App., 211 So. 2d 97, 100 (1 Cir. 1968), this Court pointed out that:
". . . one of the effects of a separation from bed and board is the dissolution of the community of acquets and gains."
Hence, it is established that it is the judgment of separation itself, not a formal partition of the community property, which dissolves the community of acquets and gains, effective from the date of the filing of the separation suit. Once terminated by the judgment of separation, the marital community can only be restored, upon reconciliation of the spouses, by authentic act duly recorded. See LSA-C.C. Art. 155; Austin v. Succession of Austin, supra; Corkern v. Corkern, La.App., 270 So.2d 209 (1 Cir. 1972); see also LSA-C. C. Arts. 123, 136.
In Austin, supra at 317, the surviving widow, who had been judicially separated from and then reconciled to her deceased husband, sought to be recognized as the owner of one-half of all property acquired by them from the date of the marriage, on the basis that the reconciliation alone re-established the marital community. The Court rejected the surviving widow's claim and held that reconciliation between the spouses did not reinstate the community of acquets and gains, but that a community dissolved by a judgment of separation could only be re-established by compliance with the provisions of Civil Code Article 155.
*292 The Court said in Austin:
"Therefore, only by the privilege conferred in the act of 1950 (amending Article 155) can the community be re-established, and it must be done with the forms and solemnities of the law as that act has prescribed."
In Corkern, supra at 213, the Court stated:
"The law is clear that once the community of acquets and gains is terminated such as by virtue of a judicial separation, the subsequent reconciliation of the spouses, although it operates to vitiate the judgment of separation in other respects, does not re-establish the community of acquets and gains which previously existed between the spouses, nor does it establish a new community of acquets and gains between the spouses. On the contrary, the spouses remain separated in property unless and until they both agree to avail themselves of the privilege of re-establishing the community of acquets and gains as provided for by Louisiana Civil Code Article 155. . ."
We find that the deceased spouse left no community property herein, the marital community having been previously dissolved by the judgment of separation, and not re-established by authentic act duly recorded. The property in question belongs to the deceased's separate estate. Inasmuch as Article 916, by its express provisions, applies only to community property; and there being none in the instant case, the surviving widower is not entitled to the usufruct over the decedent's estate.
We, therefore, hold that the usufruct of the surviving spouse does not attach in favor of a judicially-separated spouse, despite a reconciliation, on the property of the deceased spouse, because the judgment of separation, without need of a formal partition, dissolved the marital community as of the date of the filing of the separation suit; and, thereafter, the property formerly belonging to the marital community belongs to the separate estates of each of the spouses, unless the community of acquets and gains has been re-established by a recorded authentic act.
For the foregoing reasons, we affirm the trial court's rejection of the surviving widower's claim for usufructuary rights in the estate of the deceased spouse, Iris S. Harang. The costs to be paid by the plaintiff-appellant.
Affirmed.