SAMUEL, Judge
(dissenting).
I agree with the law cited in the majority opinion and share their concern about dis *421 turbing a trial court award of alimony, child support or both where, as frequently happens, there is an insufficient income to support all members of the family. However, despite the fact that there is such an insufficiency of income in this case, I feel there is an answer to the problem here which justifies action on our part.[1]
Mrs. Clesi submitted a list of monthly expenses for herself and the child which totals $808.08. Mr. Clesi submitted a list of monthly expenses for himself, including payment of various community obligations, totaling $942.50. Although some of the items in both lists are questionable, none of the items in either list is controverted. Mr. Clesi’s take-home salary is $1,200 out of which is deducted, prior to receipt by him, $225 for monthly payments on the community car he uses in his work. Thus, he has actual take-home pay of $975. Out of this $975 figure, he must pay $400 in alimony, $50 in child support, $229 in mortgage payments on the community home occupied by Mrs. Clesi and $92 on outstanding bills of $806.26 charged at local stores by Mrs. Clesi prior to the separation. Thus, he must pay $771 out of his actual take-home pay of $975, leaving a balance of $204 per month on which he must live and support himself. It appears obvious to me that Mr. Clesi cannot feed, house, clothe and otherwise support himself on that amount at today’s prices.
The one saving feature in this otherwise apparently insoluble situation is that there is now $4,000 in community funds available to the litigants. If that amount was used to pay some or possibly all of the community debts (the record does not reveal the total amount of all community debts), Mr. Clesi could be relieved of sufficient payments to enable him to exist on whatever remains of his monthly income. Although Mr. Clesi is enjoined from using any part of the $4,000 in community assets, a release of that injunction, in whole or in part and solely for the purpose of paying community debts, should be a simple matter for the trial court.
As I would set aside the judgment appealed from and remand for the purpose of the trial court taking action consistent with the views above expressed, I respectfully dissent.

. As was stated in Reichert v. Lloveras, 188 La. 447, 177 So. 569: “If, however, the wife’s needs exceed the husband’s ability to pay, the court must fix a monthly sum which will as nearly as possible be just and fair to each." (Emphasis ours).