383 So.2d 1061 (1980)
Wilbert J. DHUET
v.
Thelma TAYLOR.
No. 13185.
Court of Appeal of Louisiana, First Circuit.
February 25, 1980.
*1062 James A. Lightfoot, III, Houma, for plaintiff and appellee.
Deutsche O'Neal, Jr., Houma, for defendant and appellant.
Before ELLIS, CHIASSON and PONDER, JJ.
CHIASSON, Judge.
This is an appeal from a confirmation of default judgment taken by Wilbert J. Dhuet.
Appellant, Thelma Taylor, and her husband, Wilbert Dhuet, were divorced on June 18, 1975. On April 27, 1979, Mr. Dhuet filed a petition for settlement of the community. Judgment on confirmation of default was signed on June 29, 1979 ordering the community of acquets and gains dissolved, authorizing Mr. Dhuet to dispose of the community property at private sale and fixing appellant's interest in the community at the sum of $2,832.06.
Ms. Taylor contends that the trial judge erred (1) in ordering the community dissolved, (2) in ordering the private sale of property belonging to the community, and (3) in ordering the payment of a particular sum of money to appellant as her portion of the community.
Appellant is correct in her contention that the trial judge erred in ordering the community dissolved. It is "... established that it is the judgment of separation itself, not a formal partition of the community property, which dissolves the community of acquets and gains, effective from the date of the filing of the separation suit." Harang v. Harang, 317 So.2d 289 (La.App. 1st Cir. 1975); L.S.A.-C.C. arts. 123, 155. Ms. Taylor and Mr. Dhuet were judicially separated in 1974. It was this judgment of separation and not the decree of the trial judge herein that dissolved the community existing between the parties. Therefore, the trial court's judgment in this respect is without effect.
Next, Ms. Taylor contends that it was erroneous for the trial judge to order the private sale of property belonging to the community. A review of the record reveals that the trial judge authorized Mr. Dhuet to dispose of the property at private sale, but never actually ordered that the property be sold. Therefore, Ms. Taylor's second assignment of error is based on a misinterpretation of what the trial judge did. However, for subsequent reasons, we note that it was improper for the trial judge to authorize Mr. Dhuet to sell the community property.
Appellant lastly argues that the trial judge erred in ordering Mr. Dhuet to pay her $2,832.06 as her total and complete portion of the community. We agree. On dissolution of the community the parties become co-owners, each with an individual one-half interest therein. McAdams v. McAdams, 267 So.2d 908 (La.App. 1st Cir. 1972). Partition, either in kind or by licitation, depending on the nature of the property, is the proper procedure for terminating co-ownership interests in property. We know of no authority that would allow the trial judge to adjudicate the community property to one spouse upon the payment of a certain sum of money to the other spouse.
For these reasons the judgment of the trial court is reversed and appellee's suit is dismissed at his cost.
REVERSED AND RENDERED.