LEAR, Judge.
This is an action by the surviving spouse, Barbara Jean Simkus Emery, against the estate of her deceased husband, Arthur Bu *666 chanan Emery, who died testate on May 19, 1977.
The plaintiff-appellee and decedent were separated by judgment of the Twenty-first Judicial District Court on September 12, 1975. Decedent, Arthur Buchanan Emery, was a successful insurance executive in Hammond, Louisiana. In settlement of the community, appellee and her late husband executed a settlement agreement by authentic act. Essentially, it provided that decedent was to pay to his wife the sum of $50,000.00, payable “. . . Five Thousand and No/100 ($5,000.00) Dollars on the date of the execution of this settlement instrument, the balance of Forty-five Thousand and No/100 ($45,000.00) Dollars payable on or before one year from date.” The only other relevant portions of the community property settlement were Mr. Emery’s agreement to pay to Mrs. Emery the sum of $600.00 monthly for one year and to maintain certain insurance premiums.
On August 25, 1976, some eleven months later, the parties amended, by authentic act, the settlement agreement by giving Mr. Emery an additional year (or to September 12, 1977) to pay the $45,000.00 as provided for in the authentic act of September 12, 1975. The other payments of $600.00 monthly and insurance premiums were to be continued.
In February of 1977, a reconciliation was confected and the couple lived together until shortly before his death on May 19,1977. At no time did the husband and wife execute an act reestablishing the community of acquets and gains as required by La.C.C. article 155.
Plaintiff-appellee thereafter filed this action against decedent’s estate seeking to protect her claim and interest. At the trial on the merits, defendant-appellant adduced testimony tending to show that the decedent left a life insurance policy payable to his wife, appellee, in the amount of $146,-000.00; that he paid her the sum of $600.00 monthly until their reconciliation and thereafter, $1,000.00 monthly until his death. Defendant further sought to prove that it was Mrs. Emery’s intention to abandon execution of the settlement agreement once she and her husband were reconciled. Finally, defendant contended that any and all monies and benefits received by Mrs. Emery, either directly from her husband or his estate, should be credited or set off toward payment of any amount due under the settlement agreement. The trial court rejected all defenses-excepting one-and awarded judgment in favor of plaintiff-appellee. We affirm.
We start with the principle that a judgment of separation from bed and board, lawfully obtained, puts an end to the community of acquets and gains.[1] From a review of the record, there are but two questions presented which warrant discussion; (1) Whether a reconciliation after judgment of separation renders inoperative and unenforceable all executory portions of a settlement agreement, and (2) whether the proceeds of an insurance policy issued to decedent, which were paid to the surviving spouse, constitutes “payment” under the circumstances of this case.
Appellant contends that the decision of the trial court is irreconcilable with the holdings of Moody v. Moody, 227 La. 134, 78 So.2d 536 (La.1955) and Reichert v. Lloveras, 188 La. 447, 177 So. 569 (La.1937). In Moody the wife filed suit for separation. *667 Within a few days an agreement had been hammered out proposing settlement of the property wherein the husband would pay child support but no alimony. Judgment of separation was rendered several months later and the property settlement was promptly executed. In due course, the parties were reconciled. After several years, they were again separated and the husband brought suit for divorce. The wife reconvened and asked for alimony for herself which was granted. On appeal the husband urged that the property settlement was binding on the parties. The Supreme Court rejected that argument holding that:
“. . . the reconciliation not only destroyed the effect of the judgment of separation but the wife’s waiver of alimony, with the exception of the dissolution of the community of acquets and gains which would have to be reestablished in pursuance of articles 152, 155 of the LSA-Civil Code. ” (Emphasis added.)
We construe this holding to say simply that the wife is entitled to alimony once the marriage is reestablished and that each reconciliation activates that right, notwithstanding a prior waiver. We do not view it as any departure from the legislative requirement that the community must be reestablished by authentic act. It does not and cannot stand for any proposition that a reconciliation destroys both (1) legal separation and (2) community property settlement. The decedent’s promise to pay a certain sum ($45,000.00) was given in exchange for full ownership in substantial real estate holdings, stocks and bonds, life insurance policies issued on the lives of the two children, and all household furniture, etc., not expressly conveyed to appellee. Appellee’s interests were no more nullified by reconciliation than those of her spouse, now deceased. Moody is, therefore, inapplicable; likewise, Lloverás, which involves similar factual circumstances.
Appellant’s next contention is that the proceeds of the life insurance policy totaling $146,000.00, which was paid to ap-pellee upon the death of her husband, may be considered as offset for decedent’s $50,-000.00 indebtedness. The trial court’s findings and conclusions relative to this issue which are set out in its written reasons for judgment merit restatement:
“. . . Defendants do, however, claim certain offsets for the obligation owed by Mr. Emery’s estate. First and foremost was the life insurance proceeds that the Plaintiff received in the sum of $146,-000.00.
“The Court is of the opinion that no offset can be granted for this sum. The Defendants presented no legal basis for such on offset and the facts discerned from the evidence presented at the trial would indicate that no offset was intended by the decedent. This Court is convinced that before a legitimate offset can be asserted for insurance proceeds received there must be some indication on behalf of the parties to indicate their intent. Absent some clear separate agreement or any other causal connection between the proceeds of the policy and the debt, the presumption must be that the insurance was a gratuity.
“Furthermore, the Court fails to see the distinction between the present set of circumstances and the routine succession proceedings in which the widowed wife received both her half interest in the community as well as any insurance benefits for which she was the beneficiary. The mere fact that in this case the parties were legally separated and had identified their respective portions of the community property should make no difference.
“Also, the court takes cognizance of the fact that life insurance in general is sui-generis and not governed by the provisions of the Revised Civil Code of 1870 or any other laws of this State relative to the form of donation inter vivos. See LA. R.S. 15:21 and Catalano v. United States, District Court 1968, 293 F.Supp. 1300. See also Tucker v. Metropolitian (sic) Life Insurance Company, 11 Orleans App. 59 and in re Brotherhood of Locomotive, Firemen and Enginemen, 119 So. 79 (1928 La.App.).
*668 “It was further established at the trial that the decedent was a very knowledgeable insurance executive. Had the decedent wished to deprive his widow of the life insurance proceeds, he simply could have changed the beneficiary which would have been the clearest indication of his intent. His failure to do so is a strong indication that he desired her to have both the insurance proceeds as well as her half of the community property.
“For these reasons the Court refuses to acknowledge any offset for the insurance proceeds received by Mrs. Emery.”
Accordingly, the judgment of the trial court is affirmed at appellant’s costs, there being no manifest error in the court’s ruling.
AFFIRMED.

. Art. 155 The judgment of separation from bed and board carries with it the separation of goods and effects and is retroactive to the date on which the petition for same was filed, but such retroactive effect shall be without prejudice (a) to the liability of the community for the attorneys’ fees and costs incurred by the wife in the action in which the judgment is rendered, or (b) to rights validly acquired in the interim between commencement of the action and recordation of the judgment. Upon reconciliation of the spouses, the community may be reestablished by husband wife jointly, as of the date of the filing of the suit for separation from bed and board, by an act before a notary and two witnesses, which act shall be recorded in the conveyance office of the parish where said parties are domiciled, but which act shall be without prejudice to rights validly acquired in the interim between rendition of the judgment and recordation of the act of reconciliation. (As amended by Acts 1962, No. 178.)