281 So.2d 471 (1973)
Gabriela CONTERNO, wife of Romilly J. THOMAS
v.
Romilly J. THOMAS.
No. 5739.
Court of Appeal of Louisiana, Fourth Circuit.
August 7, 1973.
*472 Stephenson & Fineran, W. Monroe Stephenson and Patrick C. Kelley, New Orleans, for plaintiff-appellant.
Goldman & Levin, Solomon S. Goldman, New Orleans, for defendant-appellee.
Before LEMMON, J., and FEDOROFF and GAUTHIER, JJ., Pro Tem.
LEMMON, Judge.
This appeal by Mrs. Romilly J. Thomas contests the sufficiency of the award of alimony pendente lite for the support of herself and her two minor daughters, who were six and ten years of age at the time of trial.
Thomas earned $461.54 gross and $360.27 net every two weeks. He attended college in the evening. When he and his wife separated two weeks prior to trial, he rented an apartment for $89.00 per month. He estimated his food and other expenses at $10.00 per day.
Mrs. Thomas, who had no regular income, presented a detailed list of expenses totaling $721.30 per month. She stated that her husband's income was higher than indicated and that he received an additional $60.00 per month for automobile expenses.
The trial judge apparently accepted the husband's figure of $360.27 as his net bi-weekly income, but rejected to some extent the wife's itemization of expenses, possibly on the basis of Thomas' uncontradicted testimony that they had managed while living together to save $100.00 out of each bi-weekly check and to still pay all of their living expenses. On this evidence the trial judge awarded alimony in the amount of $125.00 every two weeks.
As limited by his ability to pay, the husband is obliged to support his children over whom the wife has custody (C.C. art. 227), and the wife is additionally entitled to alimony pendente lite (C.C. art. 148) for her needs in a total amount sufficient to maintain her and the children in a standard of living comparable to that which they enjoyed prior to the separation. Cabral v. Cabral, 245 So.2d 718 (La.App.4th Cir. 1971). If these needs exceed the husband's ability to pay, alimony pendente lite should be fixed in an amount which, as far as possible, is fair and just to all parties. Reichert v. Lloveras, 188 La. 447, 177 So. 569 (1937).
When the trial judge applies these standards, he is vested with wide discretion in setting an award of alimony pendente lite. However, we believe that the trial judge failed to apply these standards in the present case. The wife and children were living in the same apartment, using the same utilities, and incurring substantially the same school, medical and other expenses *473 as they did prior to the separation. The only expense which had been significantly reduced by the husband's departure was the food cost. On the other hand, the husband had a moderately-priced apartment, had no extraordinary expenses, and earned an amount in excess of their expenses while living together.
In order to meet the increased cost of maintaining two separate households on the same income received while they were living together, both the husband and wife must adjust their expenditures. Here, the wife and two children were allotted approximately one-third of the total income. While percentage is not the test, we believe the award under the particular facts of this case was inadequate to comply with the standards for fixing alimony pendente lite. See Turner v. Agnello, 174 So.2d 277 (La.App. 4th Cir. 1965). We therefore order an increase to the amount of $160.00 every two weeks.
In contending that the award is not inadequate, Thomas points out that the trial judge improperly excluded evidence that his wife had in her possession the sum of $8,800.00, which she had drawn from a savings account. While Thomas concedes that this sum is not applicable to the determination of whether the wife has "sufficient income for her maintenance",[1] he argues that her possession of this sum affects the determination of her "needs". We disagree.
C.C. art. 148 confirms that the husband's obligation of support continues during the pendency of a suit for separation or divorce. Smith v. Smith, 217 La. 646, 47 So.2d 32 (1950). In determining whether the wife is entitled to alimony pendente lite, the court can only consider the sufficiency of her income and cannot consider her means, which is the broader standard of C.C. art. 160. Smith v. Smith, supra. In this case Thomas asks us to consider the "means" of his wife in order to reduce the amount of alimony, to which he concedes she is entitled because of the insufficiency of her income. If this argument is extended to its logical conclusion, the alimony of a wife with no income, but with considerable means, could be reduced to zero. This approach would render meaningless the interpretation of C.C. art. 148 in the Smith case that the wife's income is the "sole thing to be taken into consideration" in determining her entitlement to alimony. The evidence was properly excluded.
Accordingly, the judgment of the trial court is amended to increase the award of alimony pendente lite to $160.00 every two weeks, and as amended, the judgment is affirmed.
Amended and affirmed.
NOTES
[1] C.C. art. 148 provides:

"If the wife has not a sufficient income for her maintenance pending the suit for separation from bed and board or for divorce, the judge shall allow her, whether she appears as plaintiff or defendant, a sum for her support, proportioned to her needs and to the means of her husband." (Emphasis supplied)