GLADNEY, Judge.
Mary Alice Walker instituted this action for divorce from her husband Jody Reese Walker. The petition ruled the defendant to show cause why he should not pay pen-dente alimony in the sum of $400 per month. After trial on the rule the defendant was ordered to pay his wife $325 monthly alimony with the first payment due May 9, 1975. He perfected a devolu-tive appeal to this court.
Appellant contends that as his net monthly income is approximately $650 and his living expenses allegedly around $605 per month, the judgment rendered by the trial court is excessive and beyond the discretion of the trial court. The sole issue before this court is the appropriateness of the trial court’s award.
The evidence adduced on trial of the rule is not seriously conflicting. Both parties presented a prepared list of their expenses *363 which was introduced in lieu of their actual testimony.
Mrs. Walker lives in an apartment. She has no income. She maintains one child of a prior marriage and receives $100 per month for the child’s support from the father. The record discloses that a friend of both Mr. and Mrs. Walker occasionally stays at plaintiff’s apartment and began doing so at the invitation of defendant prior to the separation. The evidence did not establish that the household expenses of Mrs. Walker are increased by reason of the guest. Mrs. Walker adequately explained her itemized expenses totaling $333.95. The expenses were reasonable in every respect; the trial court even characterized them as “ultraconservative.”
The defendant testified that his net income was about $650 per month. He itemized his expenses which totaled $605 per month, but gave no further explanation of them. He did testify that he could reduce his expenses somewhat if necessary, but gave no indication as to how much they could be reduced.
Under the provisions of Civil Code Art. 148, if the wife does not have a sufficient income for her maintenance pending the suit for separation from bed and board or divorce, the judge shall allow her a sum for her support proportioned to her needs and to the means of her husband. The wife is entitled to a sum sufficient to support her in a standard of living comparable to that which she enjoyed before the separation. There is no hard and fast restriction on alimony pendente lite as is provided in Article 160 for alimony after divorce which may not exceed one-third of the husband’s income. The award must only be proportionate to the ability of the husband to pay.
Although the sum awarded by the trial court amounts to rpughly half the husband’s net income, we find no manifest error in the award by the trial judge. Trial courts have great discretion in such matters and there has been no abuse of that discretion in this case.
For the reasons assigned, the judgment of the lower court is affirmed. Appellant is to bear all costs.
Affirmed.