MORIAL, Judge.
Plaintiff, Mary Kathleen Clesi and defendant Philip Clesi were married in 1969 and one child, who is now 2V2 years old, was born of the marriage. The parties separated in July 1975. Plaintiff filed this suit for separation from bed and board. She prayed for child custody, alimony pendente lite and child support. The trial judge, after hearing the evidence on the rule for alimony and child support ordered defendant to pay $400.00 alimony pendente lite, child support of $50.00 and a $229.00 monthly house note. Defendant appeals. We affirm.
Defendant argues that the trial court did not consider the debts of defendant and his clear inability to pay the amount of the award. Defendant further points out that many of his expenses are community debts.
Plaintiff argues that the award is fair under the circumstances. Plaintiff also argues that the house note is not a new obligation, but rather an existing debt defendant owes as head and master of the ■'mmunity.
At the hearing on the rule plaintiff presented a list of monthly expenses for herself and her child in the amount of $800.00. Defendant’s monthly expenses totaled $942.50. Defendant takes home $1,200.00 monthly. He testified that there are community assets of $4,000.00 in stock which could be liquidated to pay off some of the outstanding charges and medical expenses.
Where the wife’s needs exceed the ability of the husband to pay the court must fix a monthly sum which will as nearly as possible be just and fair. Reichert v. Lloveras, 188 La. 447, 177 So. 569 (1937). The trial judge is vested with wide discretion in applying these standards for support and the award will not be disturbed unless there is a clear abuse of discretion. Lewis v. Lewis, 329 So.2d 778 (La.App. 2 Cir. 1976).
In Walker v. Walker, 325 So.2d 362 (La. App. 2 Cir. 1975) the appellate court did not find that the trial court abused its discretion and affirmed an alimony award of $325.00 where the husband’s net income was $650.00 and his living expenses amounted to $605.00.
In this case, plaintiff’s alimony is only one-third (%) of defendant’s net monthly take home pay. Furthermore, it is apparent that, in view of the meager amount awarded for child support, plaintiff will be compelled to contribute to the support of her child out of her alimony award. Defendant has no basis to complain about the payment of a mortgage note. Inasmuch as the house constitutes a community asset, every payment inures to his benefit as well as to his wife. See Street v. Street, 188 So.2d 164 (La.App. 2 Cir. 1966).
We find no abuse of the trial court’s discretion. Accordingly, the judgment is affirmed.

AFFIRMED.

SAMUEL, J., dissents.