373 So.2d 210 (1979)
Margaret Swapture WICKER
v.
Hollis WICKER.
No. 10322.
Court of Appeal of Louisiana, Fourth Circuit.
June 5, 1979.
Rehearing Denied August 10, 1979.
Lawrence A. Wheeler, New Orleans, for defendant-appellant.
Jacqueline Mae Goldberg, New Orleans, for plaintiff-appellee.
Before LEMMON, SCHOTT and GARRISON, JJ.
SCHOTT, Judge.
On September 27, 1977, defendant Hollis Wicker was condemned to pay plaintiff alimony pendente lite in the amount of $100 per month beginning September 27. On May 11, 1978, plaintiff filed a rule against defendant to make the alimony executory in the amount of $300 for the months of February, March and April, and to have defendant held in contempt of court. Defendant *211 responded with a rule contesting plaintiff's right to proceed in forma pauperis and seeking a termination of the alimony. From a judgment in favor of plaintiff, making past due alimony executory in the amount of $400, holding defendant in contempt of court and dismissing defendant's claims, defendant has appealed.
First, defendant contends that he is physically disabled from working so that finding him in contempt was in violation of LSA-R.S. 13:4206. The record shows that despite defendant's disability resulting from epilepsy he was receiving a pension in the amount of $270 per month. He lived with his sister and his living expenses were low enough to enable him to pay the $100 per month in alimony pendente lite.
Next, he contends that his constitutional and statutory rights were violated because the court sentenced him to five days in jail for contempt and then suspended the sentence on the condition that the back alimony would be paid within two days. He argues that this constitutes a collection practice which should not be condoned by the court. He analogizes this scheme to the debtor's prison for the collection of money judgments. He cites no authority for this theory, and we do not agree with his argument. Once the court properly decided that defendant was able to pay the alimony, defendant was properly held in contempt of court and properly punished. He had no right to demand a suspension of his sentence but, indeed, was the beneficiary of the court's clemency. We see nothing unduly harsh about the exercise of that clemency as a method of encouraging defendant to discharge his obligation.
Much of defendant's brief and evidence at trial was designed to show that plaintiff was not entitled to litigate as a pauper, in that, she had the means to pay court costs. Under C.C.P. Art. 5184 the court is required to rescind an order permitting a litigant to proceed in forma pauperis if "it finds that the litigant is not entitled to exercise the privilege . ..." The record does not indicate an abuse of the trial court's discretion in finding that plaintiff, who testified that she was unemployed and had no income or assets, was entitled to proceed as a pauper. However, defendant did show that shortly before the present rule was filed he paid plaintiff $880 after a previous judgment was rendered making past alimony executory and holding him in contempt of court. He argues that this $880 was available to plaintiff for the payment of court costs in connection with the present proceedings. We see no merit to this argument since the $880 was paid for the specific purpose of catching up on alimony which plaintiff was entitled to spend on her own needs. To agree with defendant on this point would, in effect, excuse him in part from compliance with the previous orders of the court.
Defendant contends that the original judgment of alimony was obtained through fraud and ill practice because he was not present in court. The note of evidence included in the transcript of the proceedings in July, 1977, when the court originally set the alimony pendente lite reflects that defendant had been served in person but made no appearance. Aside from the fact that he did not properly bring an action of nullity pursuant to C.C.P. Arts. 2001 et seq., there is no evidence in the record that the judgment was obtained except in compliance with the law. The evidence as to his disability and inability to pay alimony should have been produced by him at the time the alimony was set in the first instance. His failure to make an appearance at that time and produce such evidence does not provide him with a basis to annul the judgment. A litigant may not use the provisions of the law with respect to nullity of a judgment as a substitute for a defense on the merits in the first instance or as a substitute for an appeal from that judgment.
Defendant next urges that the judgment appealed from went beyond the pleadings because plaintiff originally sought an executory judgment for $300 and was awarded $400. The alimony was payable on the 27th of each month so that on May 11, *212 1978, when the rule was filed plaintiff was seeking alimony for the months of February, March and April. The case was first set for trial on May 19, but was continued until June 23, so that another month of alimony became due in the meantime. The issue of the full four months of past due alimony was properly before the court and tried by implied consent of both parties. Under C.C.P. Art. 1154 no formal amendment was necessary and judgment was properly rendered for the full amount owed to plaintiff at the time of the trial.
Finally, defendant contends that plaintiff was not entitled to a judgment for the past due alimony pendente lite because on June 5, 1978, she obtained a judgment against defendant for divorce. He argues that this judgment terminated all interlocutory orders including the order to pay alimony pendente lite. This argument has no merit. Plaintiff's rights under the alimony judgment had accrued and she was entitled to a judgment under C.C.P. Art. 3945 to have the judgment making the past alimony executory. The judgment of divorce did not take away that right. Thornton v. Floyd, 229 La. 237, 85 So.2d 499 (1956).
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.