' BOUTALL, Judge.
The plaintiff-wife is appealing a judgment awarding her $574.50 per month alimony pendente lite as being insufficient. We affirm.
The main thrust of Mrs. Rowbatham’s argument is that the trial judge made no provisions for her maintenance in the style to which she had become accustomed during the marriage, but instead simply put her in the position she was in prior to their marriage. The judgment awarded her an amount equal to her loss in Social Security payment as a result of her remarriage, plus costs of acquiring and maintaining a yacht. Mrs. Ro.wbatham relies heavily on the fact that her husband earns a substantial salary of approximately $6,000 per month and could support a greater award.
*539 Mrs. Rowbatham and Harold A. Rowbat-ham were married on July 1, 1977. Mrs. Rowbatham was a widow with several children at the time of her remarriage, and received monthly benefits for her and her children due to the death of her former husband. Two of the children have become majors but still live with their mother. Mr. Rowbatham has not adopted these children.
Prior to her marriage to Mr. Rowbatham, she had her own house and was paying the monthly note and expenses. After the marriage, this house became the matrimonial domicile. Mr. Rowbatham brought in furniture that he had prior to this marriage. Because of her marriage to the defendant, Mrs. Rowbatham lost $186.00 in Social Security income per month; however the minor children are still receiving benefits.
Mrs. Rowbatham’s life style did not change with her marriage to the defendant. For this reason, the structure of the alimony award appeared similar to recouping whatever benefits she had lost due to her marriage to the defendant.
Mrs. Rowbatham infers that her life style must • have changed because of her husband’s large salary. But in his reasons for judgment the trial judge said, “Although the husband earns a substantial salary of approximately $80,000.00, his expenses and legal liabilities do not leave him much leeway.” This finding is supported by the record. The husband owed back taxes to both Federal and State governments; alimony to a former wife, child support, and many other reasonable expenses that he had prior to and after his marriage to the plaintiff.
The plaintiff points out that her expenses are greater than the money she has coming in every month. This was also true prior to her marriage to the defendant. To make up the difference, she would withdraw funds from the settlement she received when her prior husband died.
In Clesi v. Clesi, 340 So.2d 419 (La.App. 4th Cir. 1976) this court held: “Where the wife’s needs exceed the ability of the husband to pay the court must fix a monthly sum which will as nearly as possible be just and fair. Reichert v. Lloveras, 188 La. 447, 177 So. 569 (1937). The trial judge is vested with wide discretion in applying these standards for support and the award will not be disturbed unless there is a clear abuse of discretion. Lewis v. Lewis, 329 So.2d 778 (La.App. 2nd Cir. 1976).”
We find that there was no abuse of discretion in fixing the award.
We affirm.

AFFIRMED.