412 So.2d 537 (1982)
Patsy Jean DEHAVEN
v.
Ronald Lee DEHAVEN.
No. 81-C-2381.
Supreme Court of Louisiana.
March 1, 1982.
Rehearing Denied April 30, 1982.
*538 Kenneth R. Williams, of Thompson & Beasley, Baker, for plaintiff-applicant.
George L. Clauer, III, Baton Rouge, for defendant-respondent.
WATSON, Justice.
Plaintiff, Patsy Jean DeHaven, filed suit to have a Missouri judgment recognized in Louisiana. Plaintiff obtained a default judgment against her former husband, Ronald Lee DeHaven, which ordered the Missouri judgment recorded and made executory in Louisiana.[1] Defendant was cast in judgment for the past due balance of $21,600 and payments of $600 per month on the remainder, plus legal interest and all costs.
The Court of Appeal concluded that the district court did not have subject matter jurisdiction, vacated the trial court judgment and remanded the matter to the family court of East Baton Rouge. DeHaven v. DeHaven, 401 So.2d 418 (La.App. 1 Cir. 1981). A writ was granted to consider whether the Court of Appeal correctly characterized the Missouri judgment as a child support matter in which the family court has exclusive jurisdiction. 406 So.2d 624 (La., 1981).
The Court of Appeal upheld a declinatory exception of lack of subject matter jurisdiction and noted that such an objection can be raised at any time. Piper v. Olinde Hardware & Supply Co., Inc., 288 So.2d 626 (La., 1974). Generally, declinatory exceptions must be pleaded prior to answer or judgment by default. LSA-C.C.P. art. 928. However, an appellate court has discretion to consider an exception of lack of jurisdiction over the subject matter filed in that court, because the exception "goes to the core of the validity of a judgment and is not subject to the waiver provisions generally affecting declinatory exceptions." Piper, supra, 288 So.2d at 628. This is in accord with LSA-C.C.P. art. 3 which provides that jurisdiction over the subject matter of an action cannot be conferred by consent of the parties, and judgment by a court lacking such jurisdiction is void.
Article 5, § 16 of the Louisiana Constitution of 1974 provides that district courts "have original jurisdiction of all civil and criminal matters", and Article 5, § 18 gives juvenile and family courts jurisdiction as provided by law, notwithstanding any contrary provision of Section 16. LSA-R.S. 13:1401(7)[2] states that the family court of East Baton Rouge has exclusive jurisdiction over all actions concerning child support.
The Missouri judgment dissolved the marriage of the parties, gave the wife custody *539 of three minor children, and provided that the husband pay $600 per month for the maintenance of the children until a loan balance of $41,674.99 on certain property was liquidated. The $600 payments were to continue until the debt was satisfied, regardless of the children's status. After payment of this "Deed of Trust", child support payments were to be reduced to $1.00 per month per child. Attached to and made a part of the judgment is a separation agreement and property settlement between the parties, which reflects the above provisions and additional property transfers. The agreement is "a settlement in lieu of any and all temporary, and permanent alimony". (Tr. 14)
The Nineteenth Judicial District Court for the Parish of East Baton Rouge retains jurisdiction of all proceedings involving liquidation and partition of the community after a judgment of divorce or separation from bed and board. LSA-R.S. 13:1401(7), supra. Nelson v. Nelson, 318 So.2d 68 (La. App. 1 Cir. 1975) stated that the district court has sole jurisdiction over liquidation of a community debt in connection with partition of community property.
This Missouri judgment gave the wife a community property settlement in lieu of child support and alimony. Mrs. DeHaven testified to this effect at the default confirmation. Since the $600 monthly payments continue after one or more of the minor children reach the age of majority, it is clear that their purpose is not child support. They "shall in all events continue" until the note is paid off or satisfied. (Tr. 9) The Court of Appeal erred in holding that the trial court lacked subject matter jurisdiction over the controversy. See Missouri R.S. 452.325(5).[3]
In Missouri, as in Louisiana, a child support judgment is always subject to modification. The husband's obligations could be increased. Williams v. Williams, 542 S.W.2d 563 (Mo.Ct.App.1976).[4] However, the property settlement which partitioned the community could not be changed. In addition to the husband assuming the mortgage payments on this particular property, other real property was divided in mutual consideration of the transfers. Such a contractual agreement is not subject to modification, except by mutual agreement of the parties. See LaFountain v. LaFountain, 523 S.W.2d 847 (Mo.Ct.App. 1975).[5] Under Missouri law, a contract for a deed is a species of property. Claunch v. Claunch, 525 S.W.2d 788 (Mo.Ct.App.1975). Mrs. DeHaven has a vested contractual right to the $600 a month awarded her in the agreement and judgment.
The Court of Appeal erred in holding that this litigation is a child support matter.
For the foregoing reasons the judgment of the Court of Appeal is reversed and the judgment of the trial court is reinstated.
REVERSED.
NOTES
[1] Ronald Lee DeHaven now resides in Baker, Louisiana.
[2] LSA-R.S. 13:1401(7) provides:

"There is hereby established the family court for the parish of East Baton Rouge, which shall be a court of record with exclusive jurisdiction in the following proceedings:
* * * * * *
"(7) All actions for divorce, separation from bed and board, annulment of marriages, establishment or disavowal of the paternity of children, alimony and child support, custody and visitation of children, as well as of all matters incidental to any of the foregoing proceedings, including but not restricted to the issuance of conservatory writs for the protection of community property, the awarding of attorney fees to the wife in judgments of divorce and separation, the cumulation of and rendering executory of alimony, the issuance of writs of fieri facias and garnishment under judgments of the court for alimony and attorney fees, jurisdiction of which was vested in the Nineteenth Judicial District Court for the parish of East Baton Rouge prior to the establishment of the family court for the parish of East Baton Rouge. The Nineteenth Judicial District Court for the parish of East Baton Rouge however, shall retain jurisdiction of all proceedings involving liquidation and partition of the community after a judgment of divorce or separation from bed and board. * * *"
[3] Missouri R.S. 452.325(5) provides:

"Terms of the agreement set forth in the decree are enforceable by all remedies available for the enforcement of a judgment, and the court may punish any party who willfully violates its decree to the same extent as is provided by law for contempt of the court in any other suit or proceeding cognizable by the court."
[4] In addition to payment of the $600 mortgage note, the husband also agreed to assist financially in the education of the children according to his financial ability. Were this clause of the agreement in contest it would be a child support matter.
[5] Here, as in LaFountain, the obligations are cast in contractual language and the agreement undertakes to dispose of all the parties' community property.