447 So.2d 578 (1984)
Floyd L. COX, Jr.
v.
Peggy S. COX.
No. 83 CA 0968.
Court of Appeal of Louisiana, First Circuit.
February 28, 1984.
Fred H. Belcher, Jr., Baton Rouge, for plaintiff-appellant Floyd L. Cox, Jr.
C. John Naquin, Jr., Baton Rouge, for defendant-appellee Peggy S. Cox.
Before PONDER, WATKINS and CARTER, JJ.
PONDER, Judge.
Plaintiff appealed from that portion of the judgment granting the defendant alimony and child support and requiring plaintiff to pay the mortgages on the family home.
The issues on appeal are 1) the jurisdiction of the court to order plaintiff to pay the home mortgage and 2) the amount of child support and alimony.
Plaintiff originally filed suit for separation and defendant reconvened for a divorce. At trial, the parties stipulated the grounds for divorce and further stipulated that defendant was not at fault, would retain custody of the minor child and would have exclusive use of the family home.
Defendant testified that the monthly expenses incurred by her and her minor son totaled $1,505.00 and that her net monthly income was approximately $537.00. She worked as a part-time salesperson for a department store.
Plaintiff submitted an expense sheet indicating that his monthly expenses totaled $1200.00 and his gross monthly income from an insurance agency which he owns and operates was $1500.00.
*579 The trial judge awarded defendant the exclusive use of the family home, $250.00 per month alimony and $300.00 per month child support. He ordered plaintiff to maintain the first and second mortgages on the family home and explained in oral reasons that the mortgage payment was neither alimony nor child support, but the ordered payment of a community debt.
Plaintiff first argues that by ordering plaintiff to maintain the home mortgages and specifically stating that such payment does not constitute alimony or child support, the trial judge went beyond his statutory jurisdiction described in La.R.S. 13:1401(7).[1] We disagree.
The word alimony refers to the nourishment, lodging, and support of the person who claims it. La.C.C. art. 230. By ordering plaintiff to maintain the mortgages on the home, the trial judge was providing living accommodations for defendant and her minor child. We find that the furnishing of the family home without payment by Mrs. Cox is a part of the support for plaintiff's wife and child. The order to pay the mortgages was a means of assuring the continued availability of that family home. As a matter of fact, counsel for appellant informed the court at the beginning of the trial it would have to decide who would be required to pay the house notes. We find no error.
Plaintiff next argues that $250.00 in alimony, $300.00 in child support, and $290.00 for the home mortgage and insurance[2] were excessive in view of plaintiff's gross income of $1500.00 per month.
The trial judge, in oral reasons, noted that there was some evidence that plaintiff was able to pay from an unknown source bills in excess of his salary since plaintiff's testimony indicated he was covering expenses for his major and minor children, including their automobile notes, gas and insurance, and that the bills he was paying exceeded his salary by a considerable amount. Plaintiff explained that he had to borrow money from his parents. A canceled check from his father in the amount of $2500.00 was introduced, but plaintiff's testimony indicated that the money was used for business purposes and not to cover family bills. Plaintiff's parents were not called to verify the loans.
The testimony also showed that plaintiff was only able to afford an apartment for six months and currently lives with his parents.
The granting of the occupancy of the family home is considered in awarding alimony and child support. La.R.S. 9:308. Therefore, the fact that plaintiff has been ordered to maintain the mortgage on the family home must also be considered in meeting the wife's and child's needs.[3]
*580 When $250.00 monthly alimony is added to defendant's income, she would have a total of $787.00 coming in each month. Her testimony indicated that once the cost of the home mortgage and insurance was paid, her monthly needs were $686.00 per month.
While defendant's income would then exceed her needs, we must also consider that the needs of the minor child, once the cost of lodging and his car note are deducted, total $376.00 monthly or $76.00 more than he is receiving in child support. Therefore, defendant will be contributing to her son's support to make up the difference.
Although the $250.00 alimony may be high in light of the fact that defendant's lodging is paid for, the trial judge is given great discretion in such areas. We conclude that while defendant is receiving an amount in excess of what her shown individual needs are, that excess will be used to help provide for her minor son. We find no error.
We also find that the child support award is appropriate. Since the defendant has few skills, makes a small salary, her health prevents her from working full time and she is furnishing some parental care, we find that she is entitled to receive a little more than three-fourths of the amount needed for the child. The end result, when the joint needs of the wife and child are considered, is equitable.
For these reasons, the trial court's judgment is affirmed. Costs are to be assessed to the plaintiff.
AFFIRMED.
NOTES
[1] La.R.S. 13:1401(7) provides:

"There is hereby established the family court for the parish of East Baton Rouge, which shall be a court of record with exclusive jurisdiction in the following proceedings:
* * * * * *
(7) All actions for divorce, separation from bed and board, annulment of marriages, establishment or disavowal of the paternity of children, alimony and support, custody and visitation of children, as well as of all matters incidental to any of the foregoing proceedings, including but not restricted to the issuance of conservatory writs for the protection of community property, the awarding of attorney fees to the wife in judgments of divorce and separation, the cumulation of and rendering executory of alimony, the issuance of writs of fieri facias and garnishment under judgments of the court for alimony and attorney fees, jurisdiction of which was vested in the Nineteenth Judicial District Court for the parish of East Baton Rouge prior to the establishment of the family court for the parish of East Baton Rouge. The Nineteenth Judicial District Court for the parish of East Baton Rouge however, shall retain jurisdiction of all proceedings involving liquidation and partition of the community after a judgment of divorce or separation from bed and board."
[2] The home's second mortgage was a result of it being used as collateral for a loan for plaintiff's insurance agency. The insurance agency was responsible for the payment of the note and therefore we do not consider it as coming from the plaintiff's salary.
[3] Mr. Cox is ordered to pay the mortgage notes only until the partition of the community. The payments he is making will result in the increase of the equity of the community in the property and will inure to his benefit upon partition of the community. See Clesi v. Clesi, 340 So.2d 419 (La.App. 4th Cir.1976).