LOTTINGER, Judge.
This is an action by Richard Hollenshead in Family Court of the Parish of East Baton Rouge to reform and modify his support obligations pursuant to a foreign judgment that was made executory in Louisiana by default judgment on March 11, 1988. Subsequently, Linda Marriott filed suit to recover past due child support, expenses, and attorney’s fees. These cases have been consolidated for purposes of appeal. From a judgment dismissing Ms. Marriott’s Rule for Past Due Child Support, Expenses, Attorney’s Fees and Contempt, Ms. Marriott appeals. From a judgment granting an exception of lack of subject matter jurisdiction in his suit to enforce the divorce agreement, Mr. Hollenshead appeals.
FACTS
On May 25, 1983, Ms. Marriott and Mr. Hollenshead were divorced by decree of a Texas Court. The parties had two minor children at this time, ages 10 and 14. In order to settle the rights between the parties, to provide for the support of the two children and Ms. Marriott, and to provide for other matters, the parties entered into an “Agreement Incident to Divorce”. This agreement was incorporated into the Texas divorce decree. The parties filed suit in Family Court asking it to interpret the provisions of the “Agreement Incident to Divorce” pertaining to child[1] and spousal[2] support.
The agreement provided that Mr. Hol-lenshead would continue to pay the house note on the family home in Texas until it was sold. Upon the sale of the house, the agreement provided for the implementation of alternative support obligations. Additionally, the divorce decree provided that payment of the house note would be “in lieu of alimony and child support”. Payment of the house note was in no way tied to the ages of the two then minor children, nor had a deadline been set for the sale of the house.
Subsequent to the divorce, Mr. Hollens-head moved to Louisiana for employment reasons. Ms. Marriott and her two children continued to reside in the family home in Texas. Mr. Hollenshead faithfully paid the house note for approximately five (5) years while Ms. Marriott attempted to sell the house. During October 1988, while the present suits were pending, Ms. Marriott unilaterally refinanced the house thereby lowering the monthly note, adding to the principal amount of the original mortgage, and extending the term from twenty-three (23) years to thirty (30) years. Ms. Marriott contended that the refinancing was necessitated by Mr. Hollenshead’s failure to timely pay the house note and was undertaken only after repeated requests from Mr. Hollenshead that she refinance the *195 house. Mr. Hollenshead was not informed that the home had actually been refinanced.
On December 17, 1987, Ms. Marriott filed suit against Mr. Hollenshead in the Family Court for the Parish of East Baton Rouge to make the Texas divorce decree exec-utory in Louisiana. The Texas judgment was recognized and made executory on March 14, 1988. On February 4, 1988, Mr. Hollenshead filed suit to reduce the support obligation imposed by the Texas judgment in light of alleged changed circumstances. On March 17, 1988, Ms. Marriott sought to recover arrearages on past due house notes by filing a “Rule for Past Due Child Support, Attorneys’ Fees, and Contempt”.
On September 2, 1988, Ms. Marriott challenged the efforts of Mr. Hollenshead to reduce his support obligation by filing the declinatory exception raising the objection of lack of subject matter jurisdiction. After analyzing the provisions of the agreement and divorce decree, the court found that the respective provisions clearly established a property settlement in lieu of child support and alimony. The Family Court found that it did not have jurisdiction to reform the property settlement. Therefore, on November 17, 1988, the Family Court granted Ms. Marriott’s exception and dismissed Mr. Hollenshead’s petition for reduction of his support obligation.
On January 10, 1989, in an attempt to get around the Family Court’s finding of no jurisdiction, Mr. Hollenshead filed suit seeking to enforce (rather than reform) the provisions of the Texas Judgment and the incorporated agreement. Ms. Marriott again filed the declinatory exception raising the objection of lack of subject matter jurisdiction. The court granted the exception on March 27, 1989, and dismissed the action on the basis that the Family Court lacked subject matter jurisdiction over a suit to enforce provisions of property settlement agreements. ■ It is from this judgment that Mr. Hollenshead appeals.
On January 31, 1989, a trial was conducted on Ms. Marriott’s “Rule for Past Due Child Support”. The court found that all judicially enforceable obligations created by the Texas divorce decree had been maintained by Mr. Hollenshead and that Ms. Marriott’s unilateral actions in refinancing the house constituted a “sale of the house” thereby triggering the alternative child and spousal support provisions of the agreement. On June. 5, 1989, the court signed the judgment vacating and dismissing Ms. Marriott’s Rule for Past Due Child Support based on oral reasons given at the January 31, 1989 hearing. It is from this judgment Ms. Marriott appeals.
ASSIGNMENTS OF ERROR
Mr. Hollenshead contends that the Family Court erred in granting Ms. Marriott’s exception of lack of subject matter jurisdiction on the basis that it misconstrued the support provisions of the “Agreement Incident to Divorce” as constituting a property settlement over which proper jurisdiction lies in the district court.
Ms. Marriott contends that the Family Court erred in:
I. finding that the refinancing constituted a sale thereby invoking the alternative support obligations under the agreement;
II. finding that arrearages were not owed;
III. limiting Ms. Marriott’s recovery of the cost of enforcing the agreement to attorney’s fees and court costs despite the language contained in the agreement;
IV. determining the amount of attorney’s fees; and
V. signing the June 5, 1989, judgment based on oral reasons given at the January 31, 1989, hearing on Ms. Marriott’s Rule for Past Due Child Support once the court determined on March 27, 1898, that it did not have jurisdiction over this matter.
JURISDICTION OF THE FAMILY COURT
Article 5, § 18 of the Louisiana Constitution provides that the family court’s jurisdiction is limited to those matters estab *196 lished by law. La.R.S. 13:1401 provides that the Family Court of the parish of East Baton Rouge shall have exclusive jurisdiction over several enumerated actions including actions for alimony and child support, “as well as of all matters incidental to” alimony and child support actions. This statute also gives the family court jurisdiction over juvenile matters. This is the extent to which the legislature has by law extended the jurisdiction of the family court.
DeHaven v. DeHaven, 412 So.2d 537 (La.1982), involved the interpretation of a provision in an agreement that had been incorporated into the judgment of, divorce which obligated the husband to pay the note on the family home until the home was paid off regardless of the children’s status. The Supreme Court of Louisiana found that this provision constituted a property settlement in lieu of child support and alimony since payment of the house note was not contingent on the age of the children. Where a wife receives a community property settlement in lieu of child support and alimony, the Nineteenth Judicial District Court, rather than the Family Court for the Parish of East Baton Rouge, has jurisdiction to hear the matter.
In the present case, the husband was obligated to pay the note on the family home in which his wife and minor children were to continue to reside until such date the home was sold. Even though the house was currently up for sale, no deadline was set for sale of the house. Payment of the house note did not in any way depend on the ages of Mr. Hollenshead’s two minor children. It was foreseeable that the home might not be sold before the children attained the age of majority. In the absence of a provision to the contrary, Mr. Hollenshead’s contractual obligation to pay the note on the family home would continue after one of both of his children attained the age of majority in the event the home had not been sold at such time.
The family court, relying on DeHaven v. DeHaven, concluded that the purpose of the payment of the house note by Mr. Hollenshead was not child support but rather presumably part of a property settlement; therefore, the family court was without jurisdiction. The proper forum for the enforcement of these provisions of the divorce decree and agreement is the district court.
Mr. Hollenshead has called upon the family court to interpret certain provisions of the Texas divorce decree and the “Agreement Incident to Divorce” to determine whether or not Ms. Marriott’s act of refinancing the home constituted a sale thereby triggering the alternative child and spousal support provisions of the agreement. The divorce decree clearly states that Mr. Hollenshead is liable for the payment of the house note in lieu of child support and alimony until such time the house is sold. The time period for selling the house was not specified by the parties. Before the alternative support provisions can be interpreted by the Family Court, a determination must be made as to whether or not the alternative support provisions are now in force. We are of the opinion that only the district court has jurisdiction to make such a determination pursuant to the last sentence of La.R.S. 13:1401(7)[3] and DeHaven v. DeHaven. Therefore, the court did not err in granting Ms. Marriott’s exception of lack of subject matter jurisdiction.
Ms. Marriott contends that the court erred in signing the June 5, 1989, judgment based on oral reasons rendered at the January 31, 1989, hearing on Ms. Marriott’s Rule for Past Due Child Support once it had determined on March 27, 1989, that it did not have jurisdiction over the subject matter of this controversy. The court’s oral reasons for dismissing Ms. Marriott’s claim for past due child and spousal support were that (1) the refinancing constituted a “sale” of the home there *197 by invoking the alternative support obligations of the agreement and (2) Mr. Hol-lenshead was not in default on his support obligations pursuant to the amounts provided for in the alternative support provisions thus Ms. Marriott was not due any arrearages. In light of the court’s subsequent determination that it lacked subject matter jurisdiction over this controversy, we find that dismissal of Ms. Marriott’s Rule for Past Due Child Support was proper; and the Family Court’s oral reasons for judgment given at the January 31, 1989, hearing which were incorporated into the June 5, 1989 judgment, should be vacated. In the interest of justice, we order this case remanded to the Family Court, and we instruct the Family Court to transfer it to the Nineteenth Judicial District Court pursuant to La.Code Civ.P. art. 932. Article 932 provides such transfer when a declina-tory exception has been sustained.
Our finding that the Family Court lacked jurisdiction over these proceedings preter-mits discussion of the remaining assignments of error that have been set forth by Ms. Marriott.
Therefore, for the above and foregoing reasons, the judgment of the Family Court dismissing Mr. Hollenshead’s suit to enforce the judgment of divorce and the agreement incorporated therein on the basis of lack of subject matter jurisdiction is AFFIRMED, the Family Court’s judgment dismissing Ms. Marriott’s Rule for Past Due Child Support is VACATED, and this case is REMANDED to the Family Court where it shall be transferred to the Nineteenth Judicial District Court for the Parish of East Baton Rouge. Assessment of costs shall be divided equally between the parties.
AFFIRMED IN PART, VACATED IN PART, AND REMANDED.

. Section 6 of the Agreement Incident to Divorce provided:
The parties agree that in lieu of child and spouse support payments, as ordered and contracted, at this time, RICHARD NEILL HOL-LENSHEAD will pay the house payments for the home located at ... until such house is sold.
At such time as the house ... is sold, RICHARD NEILL HOLLENSHEAD will pay to LINDA LEE HOLLENSHEAD child support in the amount of $400.00 per month, with the first payment being due and payable on the 1st day of the month following sale of said house, and a like payment until the date any child dies, or reaches the age of 18 years or is otherwise emancipated or further order of the Court.

. Section 7 of the Agreement Incident to Divorce provided:
RICHARD NEILL HOLLENSHEAD agrees to pay to LINDA LEE HOLLENSHEAD payments in the amount of $350.00 per month, the first payment being due and payable on the 1st day of June, 1983, and a like payment being due and payable on the same day of each month thereafter until the house ... is sold, or June 1, 1985.
At such time as the house ... is sold, RICHARD NEILL HOLLENSHEAD agrees to pay to LINDA LEE HOLLENSHEAD payments in the amount of $900.00 per month to April 10, 1991 if she has custody of both children, otherwise the alimony shall be $800 per month, for one child.

. La.R.S. 13:1401(7) provides in pertinent part: The Nineteenth Judicial District Court for the parish of East Baton Rouge however, shall retain jurisdiction of all proceedings involving liquidation and partition of the community after a judgment of divorce or separation from bed and board.