GONZALES, Judge.
On May 24, 1989, a suit for the legal separation of Lynn Wingate Boon and Michael Hachez Boon was filed.[1] On July 27, 1989, a consent judgment was signed by the family court judge, awarding the use and occupancy of the family residence to Mr. Boon and ordering Mrs. Boon to pay to *1290 Mr. Boon $271.34 per month, “with such payment being credited as one-half (½) of the mortgage payment of the family residence.” Mr. Boon filed a Rule Nisi on February 2, 1990, seeking to recover unpaid January and February payments, and to have Mrs. Boon found in contempt of court for failure to make the “support payment” as ordered. At the hearing on Mr. Boon’s motion, counsel for Mrs. Boon filed an “Exception of No Cause and Right of Action and Motion to Quash Contempt Citation and Exception to Jurisdiction”.[2] The trial court overruled the exception in open court and entered judgment on July 12, 1990 in favor of Mr. Boon in the amount of $814.02, together with $500.00 in attorney fees. From this judgment, Mrs. Boon appeals and makes the following assignments of error:
1) The trial court erred in accepting jurisdiction over the issue of “alimony”, since the judgment was for the conservation of community property, rather than the pursuit of an alimony claim.
2) The trial court erred in determining that there were arrearages and attorney’s fees due for the prosecution of the rule, rather than finding that a novation of the indebtedness had occurred.
3) The trial court erred in rendering judgment against Appellant for $814.02 where the amount requested by the pleading was $542.68.
JURISDICTION OF FAMILY COURT
The jurisdiction of the Family Court of East Baton Rouge Parish is governed by La.R.S. 13:1401, which provides in pertinent part as follows:
A. There is hereby established the family court for the parish of East Baton Rouge, which shall be a court of record with exclusive jurisdiction in the following proceedings:
(1) All actions for divorce, annulment of marriages, establishment or disavowal of the paternity of children, spousal and child support, and custody and visitation of children, as well as of all matters incidental to any of the foregoing proceedings, including but not restricted to the issuance of conservatory writs for the protection of community property, the awarding of attorney fees in judgments of divorce, the cumulation of and rendering executory of spousal and child support, the issuance of writs of fieri facias and garnishment under judgments of the court for spousal and child support and attorney fees, jurisdiction of which was vested in the Nineteenth Judicial District Court for the parish of East Baton Rouge prior to the establishment of the family court for the parish of East Baton Rouge. The Nineteenth Judicial District Court for the parish of East Baton Rouge however, shall have jurisdiction of proceedings involving partition of community property and the settlement of claims arising from matrimonial regimes, and of proceedings involving a claim for contributions made by one spouse to the education or training of the other spouse.
This court has previously recognized that the East Baton Rouge Parish Family Court has jurisdiction to order the payment of a mortgage on the family home by the nonresident spouse since the duty of support encompasses providing living accommodations. Jarman v. Jarman, 540 So.2d 444 (La.App. 1st Cir.1989); Cox v. Cox, 447 So.2d 578 (La.App. 1st Cir.1984).
Where an order to pay the mortgage payment on the matrimonial domicile is found to be a property settlement in lieu of alimony or child support, jurisdiction may lie in the district court rather than the family court. See DeHaven v. DeHaven, *1291 412 So.2d 537 (La.1982); Marriott v. Hollenshead, 572 So.2d 193 (La.App. 1st Cir. 1990). The DeHaven case involved a Missouri judgment which dissolved the marriage of the parties, gave the wife custody of the three minor children, and provided that the husband pay $600 per month for the maintenance of the children until a loan balance of $41,674.99 on certain property was liquidated. The $600 payments were to be made until the debt was satisfied, regardless of the children’s status and thereafter, child support payments were to be reduced to $1 per month per child. Attached to and made a part of the judgment was a separation agreement and property settlement between the parties reflecting these provisions and including additional property transfers. The agreement was made “in lieu of any and all temporary, and permanent alimony.” DeHaven, 412 So.2d at 539. Because the $600 payments were ordered in connection with a community property settlement, the Supreme Court found that the matter was not a child support matter over which the family court had jurisdiction; the district court was found to have jurisdiction over the matter. However, the Supreme Court noted, “[i]n addition to payment of the $600 mortgage note, the husband also agreed to assist financially in the education of the children according to his financial ability. Were this clause of the agreement in contest it would be a child support matter.” DeHaven, 412 So.2d at 539, n. 4.
In the Marriott case, a Texas court had rendered a judgment of divorce between the parties and incorporated therein was an “Agreement Incident to Divorce” entered into by the parties, and providing that Mr. Hollenshead would continue to pay the house note on the family home in Texas until it was sold. Upon the sale of the house, the agreement provided for the implementation of alternative support obligations, and also provided the payment of the house note would be “in lieu of alimony and child support.” Marriott, 572 So.2d at 194. The payment of the house note was not tied to the ages of the children, nor was a deadline set for the sale of the house. The parties apparently complied with the agreement for five years. Thereafter, Ms. Marriott petitioned the East Baton Rouge Parish Family Court to make the Texas divorce decree executory and sought to recover arrearages on past due house notes. Mr. Hollenshead asked the court to reduce his support obligation; and Ms. Marriott responded with a declinatory exception raising the objection of lack of subject matter jurisdiction. The court found the agreement constituted a property settlement in lieu of child support and alimony, and that it did not have jurisdiction to reform the property settlement. With regard to Ms. Marriott’s rule for past due child support, the family court found no violation of the agreement since Ms. Marriott’s actions in refinancing the house constituted a “sale of the house”. 572 So.2d at 195.
On appeal of the Marriott case, this court looked at the purpose of the payment of the house note and determined it was not child support but rather a part of a property settlement. Consequently, the trial court decision was affirmed. The appellate court further held that before the family court could interpret the alternative support provisions, the district court must determine whether those provisions were in force (i.e. whether the refinancing constituted a sale), and only the district court was found to have jurisdiction to make such a determination.
In the case sub judice, the consent judgment provided in pertinent part as follows:
IT IS ORDERED, ADJUDGED AND DECREED that the use and occupancy of the family residence be and is hereby awarded to defendant, MICHAEL HA-CHEZ BOON, pending the partition of the community property.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that petitioner be and is hereby ordered to pay to defendant the amount of TWO HUNDRED SEVENTY-ONE AND 34/100 ($271.34) DOLLARS per month, pay *1292 ments becoming due and payable on the first (1st) of each month, with the first payment being due on the 1st day of August, 1989, with such payment being credited as one-half (V2) of the mortgage payment on the family residence.
Obviously, the terms of this agreement did not contemplate a settlement of community property. It merely provided Mr. Boon with assistance in paying the mortgage on the community home until such time as the community property could be partitioned. The consent judgment was procured following demands on the trial court by each party for alimony pendente lite. And since there was no language to the contrary in the consent judgment, we conclude the award was in the nature of a support payment. The East Baton Rouge Parish Family Court has jurisdiction to enforce such a judgment. See also La.R.S. 13:4611; La. C.C.P. art. 221 et seq.
NOVATION
Mrs. Boon argues she signed a $1,000.00 promissory note in conjunction with the sale of the community home which was a novation and extinguished the default on the previous “support” payments. The following provisions of the Louisiana Civil Code are pertinent to this assignment of error:
Art. 1879. Extinguishment of existing obligation
Novation is the extinguishment of an existing obligation by the substitution of a new one.
Art. 1880. Novation not presumed
The intention to extinguish the original obligation must be clear and unequivocal. Novation may not be presumed.
Art. 1881. Objective novation
Novation takes place when, by agreement of the parties, a new performance is substituted for that previously owed, or a new cause is substituted for that of the original obligation. If any substantial part of the original performance is still owed, there is no novation.
Novation takes place also when the parties expressly declare their intention to novate an obligation.
Mere modification of an obligation, made without intention to extinguish it, does not effect a novation. The execution of a new writing, the issuance or renewal of a negotiable instrument, or the giving of new securities for the performance of an existing obligation are examples of such a modification.
Mr. Boon testified that he defaulted on the mortgage loan in January of 1990, and that in May of 1990, the house was sold. In order to conclude the sale, both Mr. and Mrs. Boon were required to execute a promissory note for $1,000.00 each in favor of Commonwealth Mortgage Assurance Corporation (“CMAC”). The obligation owed Mr. Boon by Mrs. Boon under the consent judgment executed and signed by the court on July 27, 1989, was the payment of $271.34.
Extinguishment of an obligation in any manner, such as payment or novation, is an affirmative defense and a party asserting such a defense bears the burden of proof. Beasley v. Martin, 253 So.2d 801 (La. App.2d Cir.1971). The mere giving of a note does not effect a novation unless it is so intended, which intention may be established by the terms of the agreement or from the act of the parties. Beasley, 253 So.2d at 804. In the instant case, the creditor of the first obligation by Mrs. Boon to pay $271.34 was Mr. Boon; the creditor of the second obligation, the $1,000.00 promissory note, was CMAC. Mrs. Boon bore the burden of proving that execution of the promissory note was intended to be a novation of the first obligation. No testimony was offered to establish that fact; nor were the promissory notes submitted into evidence. Therefore, Mrs. Boon has failed to prove a novation occurred.
Appellant argues in brief, “a judgment in this matter against [appellant] would only have the effect of attempting to ‘piecemeal’ a division of the community regime and an assessment of credits due upon partition of *1293 the property.” Appellant’s rationale is that the $1,000.00 promissory note signed by Mrs. Boon is for the same “support” payments which she failed to pay and enforcement of both would result in a double payment. However, just such a tallying of credits is reserved for disposition by the district court. See La.R.S. 9:2801.
AWARD IN EXCESS OF AMOUNT PLED
In her last assignment of error, Mrs. Boon argues the amount awarded Mr. Boon by the trial court exceeded the amount which he demanded. Mr. Boon filed a “Rule Nisi” with the family court on February 2, 1990, requesting an award for arrearages amounting to $542.68 for the months of January and February of 1990. Mr. Boon also requested that Mrs. Boon “be found in contempt of this court for her failure to make support payment [sic] as ordered by the court and [that she] pay costs incurred plus attorney’s fees to mover and be punished as the court may direct.” A hearing on the matter was not held until May 22, 1990. At that time, Mr. Boon testified that Mrs. Boon had missed her January, February and April payments. Counsel for Mrs. Boon objected to the testimony regarding the April payment as an expansion of the pleadings.
“When a payment of support under a judgment is in arrears, the party entitled thereto may proceed by contradictory motion to have the amount of past due support determined and made executory. On the trial of the contradictory motion, the court shall render judgment for the amount of past due support.” La.C.C.P. art. 3945 (emphasis added). That article in prescribing that “the court shall render judgment for the amount of past due support” does not leave any discretion with the court as to whether or not a judgment is to be given once there is proof that payments are in arrears. Whitt v. Vauthier, 316 So.2d 202 (La.App. 4th Cir.), writ refused, 320 So.2d 558 (La.1975), cert. denied, 424 U.S. 955, 96 S.Ct. 1429, 47 L.Ed.2d 360 (1976). Therefore, under La.C.C.P. art. 1154, no formal amendment was necessary and judgment was properly rendered for the full amount owed to plaintiff at the time of trial. Wicker v. Wicker, 373 So.2d 210 (La.App. 4th Cir.1979).
Ms. Boon further contends that Mr. Boon’s recovery should be limited to support payments that accrued prior to the filing of the divorce petition because of the retroactivity language that appears in the judgment of divorce. This argument lacks merit. Mr. Boon’s rights under the consent judgment had accrued prior to the divorce judgment. Therefore, he is entitled to judgment under La.C.C.P. art. 3945. Wicker v. Wicker, 373 So.2d at 212. This assignment of error is without merit.
For the reasons assigned herein, the judgment of the trial court is affirmed; all costs of this appeal are to be borne by appellant.
AFFIRMED.
EDWARDS, J., concurs in the result.

. On November 22, 1989, a judgment of separation was granted. Thereafter, a petition for divorce was filed on February 1, 1990, and the judgment of divorce was signed on April 5, 1990.

. Although the record does not contain the exception and motion originally filed by appellant with the trial court, the record reflects that the exception and motion was actually filed in open court and considered by the trial judge. Furthermore, on direction of this court, the clerk of the family court conducted a search for the missing document, unsuccessfully, but did obtain and forward to this court an unsigned copy from appellant's counsel. Therefore, we will consider appellant’s assignment of error based on this exception.